[L. A. No. 10743. In Bank.—October 3, 1928.]

WILLIAM A. SHANNON, Appellant, v. CITY OF LOS
ANGELES et al., Respondents.

G. F. Boreman and Anthony Jurich for Appellant.

Jess E. Stephens, City Attorney, and Herman Mohr and Jerrell Babb, Deputy City Attorneys, for Respondents.

RICHARDS, J.—The plaintiff instituted this proceeding in the Superior Court in and for the county of Los Angeles, seeking the issuance of a writ of mandate directed to the department of building and safety of the City of Los Angeles through the superintendent of said department, named with the said City of Los Angeles as the respondents in his petition for said writ, to compel said respondents to restore him to his position as a clerk in said department, and to permit him to resume and continue to discharge his

duties in said position and to replace his name upon the pay-roll of said department, in order to enable him to draw and be paid his salary for his services as such clerk therein.

The petitioner also sought the issuance of said writ to be directed to the City of Los Angeles ordering the payment of his said salary during the period of his alleged debarment from his said position. In support of his application the petitioner alleged that for some time prior to the eighth day of February, 1926, he had held and was then holding the position of general clerk in the electrical division of the department of building and safety of said City of Los Angeles, which position was one under the classified civil service of said city under and by virtue of article IX of the charter thereof; that on said eighth day of February, 1926, when the petitioner presented himself for duty at his place of employment in the aforesaid division of said department he was not permitted by the superintendent of said department to resume or enter upon or further discharge his said duties, but was excluded therefrom by said official and was then and there informed that he had been discharged from his said position; that from that time thenceforth his name was removed and omitted from the pay-roll of said department, and he was refused payment of his salary as an employee of said city; that on February 13, 1926, the following notice, together with the certificate appended thereto, was transmitted by the said superintendent of said department to the board of civil service commissioners of the City of Los Angeles, to wit:

"Los Angeles, Cal., February 13, 1926.

"To the Honorable the Board of Civil Service Commissioners, Normal Hill Center, Los Angeles, Cal.

"Gentlemen:

"You are hereby notified that I have this day discharged W. A. Shannon from his position as General Clerk (2353 M-C) in the Electrical Division Dept. of Building & Safety Department of the city for the following causes, to-wit:

"Violation of Rule 10 Section 1.

"Absence from duty without leave. (Second Offense.)

"Note: Mr. Shannon was given a thirty day suspension on October 5th, 1925, with a notice that recurrence of this offense would mean his dismissal, on January 28th, 1926,

he failed to report and was absent until Feb. 8th, 1926, and when asked to resign, refused to do so.

"This discharge effective as of January 28th, 1926.

"Respectfully yours,

"(Signature) J. J. BACKUS,

"(Title) Supt. of Building.

"I hereby certify that a copy of the foregoing statement was mailed to the last known address of W. A. Shannon on the 13th day of February, 1926, at 11 o'clock a. m.

"(Signature) C. E. GARTMAN."

The petitioner further avers in his petition that no copy of the aforesaid notice or statement was ever served upon him personally nor by leaving the same at petitioner's place of residence, which he avers at all of said times to have been "Room 16, Pembroke Hotel, 339 South Hill street," in said City of Los Angeles, nor was any copy of said notice ever mailed to petitioner at his said place of residence, which he avers at all of said times to have been his postoffice address as shown upon the records of said division where he was so employed; that instead thereof a copy of said notice was by said superintendent of said department, on or about said date, addressed to said petitioner and mailed to "307½ West 2nd street, Los Angeles, California," which was not and had never been his place of residence. For the foregoing reasons the petitioner avers that he was unlawfully discharged from his aforesaid civil service position and is entitled to a writ of mandate directing his reinstatement therein.

The respondents demurred to the said petition upon several grounds, chief of which is that the said petition did not state facts sufficient to entitle the petitioner to the relief prayed for therein. The trial court upon the hearing upon said demurrer sustained the same generally, with leave to amend, which the petitioner declining to do, the court directed judgment to be given, made, and entered in the respondents' favor and for their costs. It is from such judgment that this appeal has been taken.

Directing our consideration first to the aforesaid general ground of demurrer, we are of the opinion that the trial court was in error in sustaining the same. The provisions of the Los Angeles charter having relation to the removal or

discharge of persons in the classified civil service of said city are embodied in section 112 (a) of article IX thereof, which, at the time of the petitioner's discharge, read as follows:

"Any board or officer having the power of appointment of officers, members and employees in any department of the government of the city, shall have the power to remove, discharge or suspend any officer, member or employee of such department; but no person in the classified civil service of the city, other than an unskilled laborer employed by the day, shall be removed, discharged or suspended except for cause, which shall be stated in writing by the board or officer having the power to make such removal, discharge or suspension, and filed with the Board of Civil Service Commissioners, with certification that a copy of such statement has been served upon the person so removed, discharged or suspended, personally, or by leaving a copy thereof at his last known place of residence if he cannot be found.

"Upon such filing such removal, discharge or suspension shall take effect."

It is apparent that the requirements of the foregoing provision of the city charter were neither actually nor substantially complied with in the petitioner's case. That he was entitled to have the rules and regulations of the city charter, safeguarding him in his civil service position, fairly invoked and applied before his discharge from such position could become effectual was held by this court in the case of *Garvin* v. *Chambers*, 195 Cal. 212, 225 [232 Pac. 696]. The oral statement made to the petitioner by the respondent Backus to the effect that he was discharged was ineffectual for any purpose since mere knowledge of a fact regarding which formal notice is expressly required cannot be held to be a substitute for such service. (*Chaplin* v. *Superior Court*, 81 Cal. App. 367 [253 Pac. 954].) Neither would the transmission by said Backus to the board of civil service commissioners of the written notice of the petitioner's discharge, however regular in the form of such notice, become effectual to accomplish such discharge unless and until the further provision of the charter requiring service of such notice and designating the form and method of such service should have been complied with. A vital and inseparable portion of the written notice provided for in section 112 (a)

of article IX of the city charter is the certification to be attached thereto showing the required service thereof upon the person affected by the discharge; and it is only upon the transmission of such notice with its appended certification that the discharge or suspension of a civil service employee provided for in said section becomes effectual for any purpose. According to the averments of the petitioner's application, which upon demurrer must be taken to be true, the said notice or statement of the petitioner's discharge was neither served upon him personally nor by the substituted method of "leaving a copy thereof at his last known place of residence, if he cannot be found." The only pretense of a compliance with these requirements of said section consists in a certification that "a copy of the foregoing statement was mailed to last known address of W. A. Shannon on the 13th day of February, 1926, at 11 o'clock a. m." Service by mail of the notice or statement in question is not provided for in said section (see *Blalock* v. *Ridgway,* 92 Cal. App. 132 [267 Pac. 713]), but even if permissible such service as is thus certified to would be ineffective in the light of the affirmative allegations of the petitioner that such mailing was not made to his place of residence at all, but to an address where he had not resided; and this when it was shown by the records of said department where he actually resided at the time of such attempted service. ▪ Upon the face of his petition it thus fairly appears that the petitioner was not served with the notice or statement of his said discharge by either of the methods provided for in said section, nor, in fact, at all. This being so, it must be concluded that the petitioner was never properly nor lawfully discharged from his position, and not having been thus discharged it was neither his duty nor his right to make application to the board of civil service commissioners for an investigation of the grounds of his removal or discharge, in accordance with the procedure provided for, in the case of discharged employees, in said section of the charter. It is the contention of the respondents herein that the petitioner is not entitled to the issuance of a writ of mandate herein in so far as his reinstatement would be effected thereby for the reason that the foregoing provision of said section of the charter afforded the petitioner a plain, speedy, and adequate remedy, viz., that of an appeal to the board of

civil service commissioners as provided therein. The fallacy underlying this contention consists in the fact that it is only such civil service employees as have been actually and lawfully discharged through the procedure theretofore specified in said section who are either required or entitled to apply to said board of civil service commissioners for a hearing upon the facts relied upon as grounds for the discharge. Not having been thus lawfully discharged, the petitioner was entitled to stand upon his statutory right to his position and to invoke the writ of mandate to compel his admission to and continuance therein until such time as the law relating to the procedure for his removal had been obeyed.

There are several special grounds of demurrer upon which the respondents herein relied at the hearing thereon and still rely. Most of these consist in mere amplifications of the general ground of demurrer which has already been disposed of. There is one of these special grounds of demurrer which requires notice. It is the ground of misjoinder of parties respondent, the claim being that the City of Los Angeles has been improperly made a party to this proceeding. We deem this ground of special demurrer, however, to be without merit for the reason that the City of Los Angeles is the municipality of which the department of building and safety is merely a subordinate department, and its superintendent, Backus, a subordinate official, and whose action is, after all, but the action of the municipality itself. It would, therefore, be a proper, though, perhaps, not a necessary party to proceedings of this character, wherein the action of its subordinate officials is sought to be compelled as a duty arising out of their particular office or department. There was, therefore, no demurrable misjoinder of parties respondent in this proceeding. A more serious question, however, arises when we come to consider the extent and scope of the remedy sought by the petitioner herein, since he seeks not only to compel restoration to his position at the hands of the particular department which has sought to effect his discharge, but he is also seeking to compel by the City of Los Angeles itself the allowance and payment of the accumulated amount of his salary from the date of his purported discharge to the date of issuance of this writ. To this relief the petitioner is clearly not entitled upon the averments of his petition in

the present proceeding for the obvious reason that he has not alleged compliance with those provisions of the charter of said city which regulate the procedure for the allowance and payment of salaries and of claims and demands generally against said municipality (see sec. 360 et seq., art. XXVIII, of said charter); nor has he made the several departments and officials of said city, whose duty it might become to comply successively with the last-named charter provision, parties to this proceeding. The special demurrer of the City of Los Angeles was, therefore, properly sustained, and the petitioner declining to amend, it follows that the judgment herein as to the City of Los Angeles must be affirmed.

Our conclusion, therefore, is that as to the respondent, City of Los Angeles, the judgment is affirmed, but as to the respondent Backus the judgment herein should be and is hereby reversed, with direction to the trial court to set aside its order generally sustaining the demurrer of the respondent Backus herein, and to overrule the demurrer of the said respondent, with leave to answer within the time allowed by law or by the order of said court.

Shenk, J., Seawell, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.