[Civ. No. 8071. Second Appellate District, Division Two.—January 31, 1934.]

GEORGE P. MAYER, Respondent, v. THE BOARD OF POLICE COMMISSIONERS OF THE CITY OF LOS ANGELES et al., Appellants.

Erwin P. Werner and Ray L. Chesebro, City Attorneys, Frederick von Schrader, Assistant City Attorney, and G. Ellsworth Meyer, Deputy City Attorney, for Appellants.

Paul Taylor and Richard Kittrelle for Respondent.

STEPHENS, P. J.—From a judgment rendered pursuant to trial upon a petition for a writ of *mandamus*, directing that the respondent be restored to duty upon the police department of the city of Los Angeles and that he be paid accrued salary from the date of his alleged attempted suspension therefrom, the board of police commissioners of said city has appealed.

By this petition the respondent alleged and the trial court found that on or about February 2, 1926, he was suspended from duty by the chief of police, and on the thirteenth day of the same month he was removed from office, upon the

ground that he had been charged with the commission of a felony and that he was guilty of conduct unbecoming a police officer, but that he was never served with notice thereof *as provided by the city charter* in either instance, *and that therefore neither the attempted discharge nor suspension was effective as such.* He further alleged and it was found by the court that on the date first mentioned he was charged by a complaint filed in the municipal court with the crime of perjury; that said charge was dismissed on April 25, 1928, and that no further proceedings were had thereon; that he thereupon applied to said board of police commissioners for reinstatement, which application was denied; that he applied therefor on numerous occasions at intervals of not less than six months nor more than nine months, at each of which times his application was denied, and that at no time was a hearing afforded him nor evidence taken; that the charge in the municipal court was insufficient to warrant his removal from office and was adjudged to be no offense nor cause for such charge. The trial court found that "having heard evidence on behalf of petitioner, and no evidence having been offered on behalf of defendants, it having been stipulated by counsel for the respective parties that the facts set forth in the petition and brought out by the evidence were true", conclusions of law and judgment should be entered as heretofore stated.

Appellants contend that their demurrer, duly made and overruled, should have been sustained because of the bar of the statute of limitations and of laches; also that the petition is not sufficient to state a cause of action for plaintiff's back salary in that it contains no allegation that he ever filed his claim therefor as prescribed by sections 361 and 376, inclusive, of the Los Angeles city charter. The appeal is on the judgment-roll alone.

The above statement of fact, excepting that only which appears in italics, which is ours, was prepared by Mr. Justice Craig, but being unable to agree with his conclusions we substitute our own in place thereof.

■ Appellant's first contention: *The statute of limitations bars recovery.* Section 338, Code of Civil Procedure, provides that the action must be instituted within three years from date it accrues. We think the petition was subject to the demurrer that the statute of limitations had run.

This shows clearly on the face of the petition, for inasmuch as neither the attempted suspension nor discharge was legal the petitioner's right to file the same accrued immediately upon failure of his superiors to permit him to engage in his regular duties and upon their failure to certify his name upon the monthly or semi-monthly pay-roll. (*Shannon* v. *City of Los Angeles,* 205 Cal. 366 [270 Pac. 682]; *Curtin* v. *Board of Police Commrs.,* 74 Cal. App. 77 [239 Pac. 355], and cases cited therein.)

■ Appellants' second contention: *The petition shows laches.* We are not in accord with this claim, as the allegations of the complaint do not necessarily establish laches; and since the evidence is not before us it must be presumed to support the finding that there has been no laches.

■ Appellants' third contention: *Petition does not state cause of action for back salary.* We think the petition does not state a cause of action against the commission nor its members for the payment of back salary. Of course, under proper circumstances the writ might command the commissioners to authorize the issuance of pay warrants, but we have already seen that the statute has run against the use of the writ of mandate to compel the board to act. It should be noted that the city of Los Angeles is not made a party to the proceedings, and therefore the notices provided for by sections 361 to 376, inclusive, of the Los Angeles City Charter, relating to claims against the city, have no place in this proceeding. Both the petition and the judgment are in form against the commission and the individual commissioners, but as neither has any financial liability to police officers for their salaries the judgment against them cannot stand. We are aware that, so far as the judgment-roll speaks, the application of the statute of limitations works an injustice, as it seems like visiting a penalty upon petitioner for not pressing for reinstatement during the pendency of the criminal charge against him. However, we think we are given no option in the matter.

Judgment reversed.

Archbald, J., *pro tem.,* concurred.

CRAIG, J., Dissenting.—I dissent.

The court's opinion holding that the general demurrer should have been sustained ignores the original suspension

of the petitioner, at which time the petition alleges that a charge of perjury had been made against the petitioner. Authority is hardly needed to sustain the proposition, to my mind self-evident, that until such charge was removed the petitioner was subject to suspension and could not ultimately or even in the particular proceeding here, had it then been begun, have compelled the board of police commissioners to restore him to regular employment. The mere pendency of the criminal charge against him justified his suspension. (Los Angeles City Charter, art. XIX; 46 C. J., p. 982, sec. 142; 43 C. J., p. 651, secs. 1077, 1084.) However, even if because of lack of proper notice or other irregularities in the proceeding of attempted suspension petitioner herein might have contested such action of the board at the time, it is obvious that such a contest would then have been idle, for while the criminal charge was pending the board need only have immediately taken the same action over again and proceeded properly to accomplish the same temporary result. It is true that the petition states that neither the attempted discharge nor removal were effective as such and for the purposes of this decision this must be accepted as true; also we must accept the further allegation that the charge in the municipal court was insufficient to warrant petitioner's removal. However, it will be noted that this allegation does not apply to his suspension and the petition nowhere avers that such charge did not legally justify suspension, and therefore we must assume that this is conceded. These facts are shown on the face of the petition. The law neither contemplates nor requires idle acts. The petitioner could not have actually at that time secured restoration to employment, nor until the termination favorably to himself of the criminal proceeding. His right to accomplish this result did not accrue until that was done, which, according to the petition, occurred on April 25, 1928; three years did not elapse from that date until this proceeding was begun, in March, 1931. In my opinion the claim of petitioner, whose rights admittedly have been grossly ignored and violated by the respondents, cannot be waived aside by the mere statement that his right to "file" this particular petition accrued immediately upon failure of his superiors to certify his name on the regular pay-roll. It is elementary that, de-

pendent on the type of case involved, there are other legal considerations which may determine when a statute of limitations begins to run than the mere one as to when an action might have been "filed". Mistake, fraud, incompetency, need for demand, etc., are examples of such considerations. Here the facts alleged in the petition preclude the running of the statute of limitations, regardless of the right to "file" the proceeding. Again, it is not enough, where a demurrer is based on an alleged bar of the statute, that the action may be barred. "It must appear affirmatively that upon the facts stated the right of action is necessarily barred." (*Pike* v. *Zadig*, 171 Cal. 273 [152 Pac. 923], and cases there cited.) Both *Shannon* v. *City of Los Angeles*, 205 Cal. 366 [270 Pac. 682], and *Curtin* v. *Board of Police Commrs.*, 74 Cal. App. 77 [239 Pac. 355], cited in the opinion, are clearly distinguishable from this proceeding. But in this dissenting opinion no good purposes would be subserved by protracting the discussion in that regard.

Aside from considering the demurrer, the following is pertinent to this appeal: Upon the trial no evidence was introduced except by the plaintiff. The appeal is on the judgment-roll alone. Among others, the following facts were found: That the plaintiff's cause of action did not accrue until April 25, 1928; that it was not barred by the statute of limitations; and that there was no laches. These facts are not inconsistent with the complaint. We are not in possession of the evidence. Among other facts it is shown that the plaintiff had no notice of his attempted dismissal until April 25, 1928. There is nothing contained in the judgment-roll to the contrary. If so, of course the cause of action was not barred by the statute of limitations. Nor are we warranted in saying that laches was proved, against the petitioner. We must assume that evidence was introduced as to the entire transaction. Concerning laches, the circumstances under which the delay in bringing the action occurred would be determinative. These things are evidentiary, and we have not the benefit of the evidence.

Relative to the plaintiff's right to recover back salary, he was never lawfully discharged, but only originally subject to suspension, and in fact suspended; hence he was under no duty to ask an investigation as to the grounds of his dis-

charge. (*Shannon* v. *City of Los Angeles, supra.*) Nor is he precluded from claiming his salary for the months during which he was illegally excluded from duty. Since his status from February, 1926, to March, 1928, was one of suspension because of the charge of perjury pending against him, upon its final determination and dismissal he was clearly entitled to his pay during that period. (46 C. J., p. 982, sec. 142; 43 C. J., p. 651, secs. 1077, 1084.) For the period beginning with his being relieved of the charge he was in no position to present a demand as required by section 376 of the city charter. Under the plan embraced in section 364 et seq. thereof, providing for payment of salaries of officers and employees of the city, the duty is placed squarely upon the board of police commissioners to approve the salary demand of the plaintiff as one item of each monthly pay-roll made under its direction. In this he could have no part and cannot be said to be in any way responsible for the board's neglect. He is not barred by reason of neglect or refusal to act of those over whom he had no control. It is so held in *Shannon* v. *Board of Police Commrs., supra,* following the reasoning of *Geimann* v. *Board of Police Commrs.,* 158 Cal. 748 [112 Pac. 553]. The decision in the Shannon case does not overrule nor conflict with these authorities. In that case the remedy was sought by way of judgment against the city itself. It is there said, "he is also seeking to compel by the city itself the allowance and payment of the accumulated amount of his salary from the date of his purported discharge to the date of issuance of this writ . . . nor has he made the several departments and officials of said city, whose duty it might become to comply successively with the last-named charter provision, parties to this proceeding. The special demurrer of the city of Los Angeles was, therefore, properly sustained, and the petitioner declining to amend, it follows that the judgment herein as to the city of Los Angeles must be affirmed". This was the beginning and the end of the rule as to plaintiff's right to back salary as the issue was presented on that appeal. However, the same opinion does indicate further that the action of the city officials therein involved "is, after all, the action of the municipality itself", and therefore that in such a proceeding the claim that the city was improperly made a party was without merit; that the city was a proper, "though, per-

haps, not a necessary party to proceedings of this character''. The gist of what is indicated on this point appears to be that the department and officials whose duty it was to comply with the allowance and payment of an employee's salary, must be parties to such an action as the one then before the court, and as the instant one, but that the city itself is not a necessary party thereto. This would seem to meet the criticism based on the fact that the city of Los Angeles is not made a party to this proceeding.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 26, 1934, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 29, 1934.