[Civ. No. 8070.   Second Appellate District, Division One.—November 15, 1934.]

EDWARD D. BROWN, Respondent, v. THE BOARD OF POLICE COMMISSIONERS OF THE CITY OF LOS ANGELES et al., Appellants.

Erwin P. Werner, City Attorney, Frederick von Schrader, Assistant City Attorney, and G. Ellsworth Meyer, Deputy City Attorney, for Appellants.

Paul Taylor and Richard Kittrelle for Respondent.

HAHN, J., *pro tem.* — The questions presented for our consideration in this appeal arise from the court's order overruling a demurrer filed to respondent's amended petition for a writ of mandate directed to the Board of Police Commissioners of the City of Los Angeles (hereinafter referred to as the board), requiring it to reinstate petitioner on the police force from which he claims he was illegally removed, and for payment of his salary from the date of his removal.

The board as respondents in the *mandamus* proceeding, after its demurrer had been overruled, refused to file an answer. Whereupon the court proceeded with the hearing on the petition and upon its conclusion made findings sustaining the allegations of the petition and issued its writ of mandate as prayed for in the petition, directing the board to reinstate the petitioner as a member of the police force of the city of Los Angeles and ordered payment of his salary from the date of his removal.

In support of its appeal, the board urges: First, that the petition does not state facts sufficient to entitle petitioner to the relief prayed for, in that, from the petition it appears that in his removal, compliance was had with the requirements of the city charter; and secondly, in any event, his

petition does not set forth facts sufficient to entitle him to a judgment in this action for back salary.

In his petition plaintiff alleges: That on October 19, 1929, he was suspended as a police officer from the force because of the fact he had been indicted by the grand jury of Los Angeles County for the crime of bribery; that this charge was subsequently dismissed on motion of the district attorney; that he made application to be reinstated on the police force; that on March 15, 1930, the Board of Police Commissioners of the City of Los Angeles ordered the chief of police to remove petitioner from the force by filing another charge against him; that on March 18, 1930, the chief of police filed with the board a written notice of removal and served a copy thereof on petitioner; that again on March 19, 1930, the Board of Police Commissioners again ordered the chief of police to remove petitioner from the force; that these alleged orders for his removal were contained in certain letters attached to and made a part of the complaint, designated exhibits A, B, C; that petitioner's removal was not the voluntary act of the chief of police, but was in fact the act of the Board of Police Commissioners; that on April 8, 1930, a hearing was held by the board on the charges contained in the letter of removal filed by the chief of police; that the charges did not constitute sufficient ground for removal; that said board was prejudiced against him and disqualified to fairly hear and pass on the charges; that after the alleged hearing the board upheld the removal and a letter from the board announcing its action was served on petitioner, "exhibit D"; that petitioner committed no act warranting his removal; that the acts of the board and chief of police were and are void.

The exhibits set forth in the petition read as follows:

"Exhibit A

"March 15, 1930.

"R. E. Steckel, Chief of Police.

"Dear Sir:                    Re: Edward D. Brown

"Policeman, Code 3502.

"Kindly make out 'Form for Removal or Suspension' dating same March 12, 1930, and have it served on Edward D. Brown, before the close of March 17, 1930, setting forth the information given below:

" 'I hereby remove you from your position as Policeman, Code 3502 in the Police Department of the City of Los Angeles, effective at the close of October 18, 1929, for the following cause:

" ' "That you are not a fit and suitable person to fill the position of police officer of the City of Los Angeles, and that your conduct has been such as to be unbecoming to a police officer of the City of Los Angeles, in that facts revealed in your testimony given at your trial in Department 25 of the Superior Court, Case #38,785 show neglect of duty in that you knew the location of the place of business of a notorious bootlegger, and also the address where intoxicating liquor was illegally served, and in neither instance did you make an effort to enforce the law." '

"Yours truly,

"JOHN DOE,

"Member, Board of Police Commissioners."

"Exhibit B

"March 18, 1930.

"Honorable Board of Police Commissioners,
       City Hall,
       Los Angeles, Cal.

"Gentlemen:

"I have this date dismissed Edward D. Brown, policeman, Code 3502, in the Police Dept., effective at the close of Octo. 18,–29, date of suspension account of following reason:

"That you are not a fit and suitable person to fill the position of police officer of the City of Los Angeles in that facts revealed in your testimony given at your trial in Dept. 25 of the Superior Court, Case #38–785 show neglect of duty in that you knew the location of the place of business of a notorious bootlegger, and also an address where intoxicating liquor was illegally served and in neither instance did you make an effort to enforce the law.

"Subject to your approval

"Respectfully,

"R. E. STECKEL

"Chief of Police."

"Exhibit C

"March 19,–30.

"R. E. Steckel,
    Chief of Police,
    Los Angeles, Cal.
"Dear Sir:

"At a special meeting of the Board of Police Commissioners held March 18th, this Commission took action recommending that the services of Edward D. Brown, known as Roughhouse Brown, be discontinued, for the reason that the Transcript of the testimony taken at his trial, while under indictment for bribery, revealed that he consorted with bootleggers and was seen at a place where liquor was served without making an arrest.

"Yours very truly,
"GEORGE T. JEFFERS, Secretary."

"Exhibit D
"Board of Police Commissioners
"Executive office Police
Department
"City of Los Angeles

"May 19, 1930.

"Edward D. Brown,
    2047 Browning Boulevard,
    Los Angeles, California.
"Dear Sir:

"At a regular meeting of the Board of Police Commissioners held on Tuesday, May 6th, 1930, this Board adopted the following written report of the Complaints and Appeals Committee:

"Reporting on the appeal of Edward D. Brown against removal from the Police Department as policeman by the Chief of Police, the Commission announces the following decision: 'The action of the Chief is sustained and the findings of the Commission made a matter of records.'

"Yours very truly,
"ARTHUR G. BARAW, Secretary."

Section 202 of the Los Angeles city charter, in effect at the time of removal, which provides for and controls the suspension and removal of officers from the police force, reads as follows:

"Section 202. The chief of police shall have the power to suspend or remove any officer or employee in the Police Department; but no such suspension or removal shall be made except for cause, which shall be stated in writing and filed with the Board of Police Commissioners, with certification that a copy of such statement has been served upon the person so suspended or removed personally, or by leaving a copy thereof at his last known place of residence if he cannot be found. Upon such filing the suspension or removal shall take effect. Within fifteen days after such statement shall have been filed, the said board, upon its own motion, may, or upon written application of the person so suspended or removed, filed with said board within five days after service upon him of such statement, as above provided, shall proceed to investigate the grounds for such suspension or removal. If, in the case of a removal, the said board, after such investigation, shall find in writing that the grounds stated were insufficient, or were not sustained, and also finds in writing that the person removed is a fit and suitable person to fill the position from which he was removed, the said board shall reinstate him in such position; and if, in the case of a suspension, the board, after such investigation, shall find in writing that the grounds stated were insufficient, or were not sustained, the said board shall restore the person so suspended to duty. *The order of said board with respect to such suspension or removal shall be final and conclusive.* Any person restored to duty or reinstated in his position after suspension or removal, as provided in this section, shall be entitled to receive such compensation from the city the same as if such suspension or removal had not been made." (Italics ours.)

Having predicated his allegation of removal by the board on the letters of March 15th and March 19th, these allegations can have no greater force than is furnished by the letters themselves. These letters wholly fail to support the charges of the pleader that he was removed by the Board of Police Commissioners. The one dated March 15th is signed "John Doe, member Board of Police Commissioners". Assuming that "John Doe" was a member of the Board of Police Commissioners, the letter is nothing more than the expressed wish of one member of the board. That the chief of police may exercise his power of removal at the

request of one or more persons, when he is satisfied that sufficient reason exists for his action in no way weakens or affects his order of removal when made in accordance with the provisions of the charter. From the petition itself it appears that the requirements of the city charter were fully met by the chief of police in issuing his order of removal. Nor is the letter of March 19th anything more than a recommendation to the chief of police. The resolution of the board therein referred to does not purport to be an order of removal. Furthermore, it appears that this letter was written after the order of removal was made by the chief of police, and hence could not be said to have directed the chief's order.

After the order of removal was filed and served, a hearing was held by the board to consider the charges made as a basis for the removal in the manner provided by the charter. We must assume in the absence of any allegations to the contrary that petitioner was afforded adequate opportunity to offer evidence on his behalf. After the hearing, an order was made by the board sustaining the order of removal.

The sole question that may be raised in this proceeding for a writ of mandate is whether or not the chief of police complied with the provisions of the charter in removing petitioner from the police force, and whether or not thereafter, as requested by petitioner, the board made the investigation of the grounds given for his removal as required by the charter. As already pointed out, the petition itself discloses that all of these requirements of the charter were complied with by the chief of police and the board. It is true that the petition contains other allegations of prejudice on the part of members of the board and criticism of the procedure followed at the hearing. But these are matters of which the court in this proceeding has no jurisdiction. Nor may the court review the conclusions of the board as to the truth or falsity of these allegations. By the charter it is specifically provided that the conclusions of the board upon such an investigation are "final and conclusive". (*Boyd* v. *Pendegast,* 57 Cal. App. 504 [207 Pac. 713].)

Appellants next urge that the petition is insufficient to support any order or judgment for back salary as prayed

for, and by the court made. This point is well taken. By the terms of the city charter, sections 360 and 376, an action may not be maintained to recover on a claim for back salary, until the claim has been made and filed with the city as required by said sections. There is no allegation in the petition that such claim was so made and filed. (*Shannon* v. *City of Los Angeles*, 205 Cal. 366 [270 Pac. 682].)

From the foregoing considerations it follows that the trial court erred in not sustaining appellants' demurrer to the amended petition. The judgment, therefore, is reversed, with instructions to the trial court to sustain the demurrer of the Board of Police Commissioners to petitioner's amended petition with permission to amend as the court may deem proper.

Conrey, P. J., and York, J., concurred.