[Civ. No. 10070.  Second Appellate District, Division Two.—February 13, 1935.]

A. J. FORD, Petitioner, v. DEPARTMENT OF WATER AND POWER OF THE CITY OF LOS ANGELES et al., Respondents.

Loren A. Butts for Petitioner.

Ray L. Chesebro, City Attorney, J. M. Stevens, Assistant City Attorney, Russell B. Jarvis, Deputy City Attorney, and S. B. Robinson for Respondents.

CRAIL, J.—This is a proceeding in mandate to compel the respondents to follow the provisions of section 125 of the city charter under which petitioner claims that he is entitled to displace one of the persons holding a position of junior civil engineer grade B of said department "who has a shorter length of service in such class-group and in classes of higher rank"; and further to compel the respondents to pay to petitioner the salary due him from the twelfth day of September, 1933, until he is so placed on duty. The petitioner entered the classified service of the city as early as 1906, but he separated himself therefrom for a short period and is not entitled to credit on his seniority until the period commencing December 12, 1923, when he again entered the service of the Department of Water

and Power in the position of junior civil engineer grade B. From that time on he served continuously under the civil service system of the respondents, although he was promoted from time to time to positions in classes of higher rank. During his last three years and until he was suspended petitioner held and occupied the position of assistant right of way and land agent. On August 29, 1933, this position was abolished by resolution of the board and the petitioner was suspended. Upon his protest and within a few days thereafter he was notified that under the provisions of section 125 of the charter he was entitled to displace a person in the class-group of junior civil engineer grade B, as he had formerly held such a position, and there was at that time a person serving in that class-group who had a shorter length of service therein and in classes of higher rank, and that he should report for duty on September 11, 1933. At the time he appeared for such duty there were two persons, to wit, H. G. Butterfield and W. K. Kierulff, serving in the class-group of junior civil engineer grade B who had shorter lengths of service than petitioner in that class-group and in classes of higher rank, and under the express provisions of the section the petitioner had a clear legal right to *displace* one or the other of them. Instead of displacing one of these employees, the commission increased the number by one and placed petitioner in the new position. Under this arrangement the petitioner's service *in that particular office* was shorter than that of the employees above named. This anomalous situation arose out of petitioner's promotions and his service in positions of higher grade. The civil service rules provide that in making *suspensions* the person who has had the least length of service in the particular office shall be the one who is first suspended. When petitioner appeared for duty no work of any kind or character was assigned to him and on the same day he was notified that he was suspended from the new position for "lack of work". It is the contention of the respondents that their treatment of the petitioner was regular and legal in all respects. We do not think so.

The section of the charter means exactly what it says— "shall be entitled to displace". In other words, to crowd out, to take the place of (Webster's Dictionary). Petitioner was entitled to displace Butterfield—to take the place of

Butterfield. If Butterfield were no longer in the position, but were suspended and looking for a position of lower grade, he would not now be in the way of the petitioner. Creating a new position and then filling the new position is not ''displacing'' within the meaning of the section. Increasing the number of employees in the class-group from three to four, and on the same day reducing the number from four to three, is not a compliance with this section of the charter. Petitioner was ordered to report for duty on a certain day and then was discharged on the same day on the pretext that he was being suspended because of ''lack of work''. But the employee whom he was entitled to *displace* was retained in continuous service, which fact created the so-called lack of work. Whom did the petitioner displace? He did not displace anyone. The three employees who were already serving in the class-group have been employed continuously since that time. Had the petitioner been given the rights to which he was entitled he would have displaced one or the other of the employees above named and he would have been employed continuously down to date and the petitioner would have no cause for complaint.

Respondents contend at length with regard to their right to *suspend* the petitioner. The question here involved is not one of suspension but of displacement.

Respondents next contend that this court does not have jurisdiction to grant the writ and that there is a lack of necessary parties. That question has been fully settled against the respondents. (*Shannon* v. *City of Los Angeles,* 205 Cal. 366 [270 Pac. 682]; *Livingstone* v. *MacGillivray,* 1 Cal. (2d) 546 [36 Pac. (2d) 622].)

Respondents next contend that the petitioner has been guilty of laches. The record shows that the petitioner since the date of his suspension has been constantly protesting, filing demands, filing claims for salary and litigating. Respondents have been guilty of delay and neglect, but petitioner at all times has been diligent in asserting his rights. Respondents' next contention is that petitioner is not entitled to recover the salary due him for the reason that he did not file a claim for salary within six months after he was suspended. The first claim for salary was filed by petitioner within two months after he was sus-

pended and he filed another claim on June 12, 1934. Respondents seem to contend that petitioner's claim for salary accrued on the day he was suspended. Petitioner had no money due him on that day. Section 376 of the city charter provides that all claims other than for damages "shall be presented within six months after the last item of the account or claim accrued". We find no merit in this contention.

A writ of mandate will therefore issue requiring the respondents to comply with the city charter as above indicated and to pay the petitioner his salary as a junior civil engineer grade B from September 12, 1933, to date.

Stephens, P. J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 11, 1935

Thompson, J., voted for a hearing.