[S. F. No. 3470. Department One.—November 24, 1903.]

UNION COLLECTION COMPANY, Respondent, v. A. C. SOULE, Appellant.

ACTION ON NOTE—STATUTE OF LIMITATIONS—PENDENCY OF INSOLVENCY PROCEEDINGS—DISMISSAL—STATUTORY PROHIBITION.—The pendency of insolvency proceedings instituted by the maker of a note, though subsequently dismissed, operated, under section 62 of the Insolvency Act, and section 356 of the Code of Civil Procedure, as a statutory prohibition to an action upon the note, and the period of such pendency and prohibition is not part of the time limited for the commencement of the action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion.

Robert Ash, for Appellant.

J. S. Reid, for Respondent.

GRAY, C.—This is an action on a promissory note. The plaintiff obtained judgment, and the defendant Soule appeals from the same. The appeal from an order denying a new trial has been dismissed.

The appellant's sole contention is, that the record shows without conflict that the note sued on was barred by the four-year statute of limitations at the time the suit was commenced. The undisputed facts in that behalf, as they appear from the pleadings and findings, are as follows: The note sued on is dated March 16, 1893, and matured six months thereafter. On the eleventh day of November, 1895, the appellant filed a petition, schedules, and inventory in insolvency, in conformity to the Insolvency Law of the state adopted in 1895, and was thereupon duly adjudged an insolvent, and the usual order was entered as provided in said act staying all proceedings against him. Soule failed to apply to the court for a discharge from his debts, and thereafter, on March 16, 1900, on motion of certain of Soule's creditors, the said insolvency

proceeding was duly and regularly dismissed. This action was commenced on January 15, 1902, considerably less than four years after the note fell due, if we exclude the time during which the insolvency proceeding was pending, but considerably more than four years thereafter, if we include that period. Section 62 of the Insolvent Act of 1895 (Stats. 1895, p. 152) provides: "Pending proceedings by or against any person, copartnership, or corporation, no statute of limitations of this state shall run against a claim which in its nature is provable against the estate of the debtor." Section 356 of the Code of Civil Procedure provides: "When the commencement of an action is stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action."

The fact that the Insolvency Act authorizes the maintenance of suits against insolvents for certain purposes, and by leave of court first had, does not affect the rule laid down in the above statutes. "The theory of our statute of limitations is, that a creditor has four years (or other time, as the case may be) on any day of which he may, of his own volition, commence an action." (*Hoff* v. *Funkenstein*, 54 Cal. 233.) It is in accordance with the settled law of the state that the statute of limitations did not run during the period covered by the pendency of the insolvency proceedings. Excluding this period, it was less than four years after the note fell due that the suit was commenced, and the cause of action was not barred.

We advise that the judgment be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.     Van Dyke, J., Angellotti, J., Shaw, J.

Hearing in Bank denied.