[Civ. No. 1400. First Appellate District.—November 23, 1914.]

SOUTHERN PACIFIC COMPANY (a Corporation), Appellant, v. CITY OF SANTA CRUZ (a Municipal Corporation), Respondent.

ACTION FOR GOODS SOLD AND DELIVERED—PLEADING—ANSWER—STATUTE OF LIMITATIONS—INSUFFICIENT FORM—WAIVER OF OBJECTION.—In an action for goods sold and delivered, although a plea of the statute of limitations set up in the answer of the defendant in form, "that said action is barred by the statute of limitations," is concededly insufficient to satisfy the requirements of section 458 of the Code of Civil Procedure, where the plea of the statute was treated as sufficient by the parties upon the trial, and the only question presented to the trial court was presented on a stipulation of the parties, upon a motion for a nonsuit, as to whether the plaintiff's cause of action was or was not barred by the statute of limitations, the objection to the form of the plea was waived and cannot be maintained on appeal.

ID.—CLAIM AGAINST CITY OF SANTA CRUZ FOR GOODS SOLD AND DELIVERED—PRESENTING CLAIM TO CITY AUTHORITIES—ACCRUAL OF CAUSE OF ACTION—STATUTE OF LIMITATIONS.—Where the charter of the city of Santa Cruz (Stats. 1875-6, p. 193, sec. 11), provided that, "Every claim and demand that shall arise against the city of Santa Cruz shall be filed with the city clerk and presented to the common council, and if found correct shall be allowed and ordered paid by a majority vote of the councilmen elected, and when so allowed shall be presented to the mayor for approval, and if he approves such

allowance he shall indorse his approval upon such claim or demand, and if he fail or refuse to approve such allowance within ten days, the said claim or demand, in order to render the same payable, must be allowed and ordered paid by the votes of three councilmen," a claim against the city for goods sold and delivered to it did not ripen into a cause of action upon which a suit could have been begun and maintained prior to the date of the presentation of the claim to and rejection by the city officials as provided in this charter provision; and where said claim was presented to the city officials in October, 1907, and during that month rejected, and action thereon commenced April 2, 1909, a plea of the statute of limitations to the action cannot be sustained.

ID.—STATUTE OF LIMITATIONS—MOTION FOR NONSUIT—STIPULATION— PRESENTING CLAIM TO COURT—INTEREST—RIGHT TO JUDGMENT UPON.—In such a case, where, at the close of plaintiff's evidence, defendant moved for a nonsuit upon the sole ground that the cause of action was barred by the statute of limitations, and thereupon the parties stipulated that the jury in attendance should be dismissed and that, if the court determined upon the pending motion for nonsuit that the cause of action was not barred by the statute of limitations, it should render judgment for plaintiff for the amount due upon its claim; and that if it should determine that the cause of action was barred by the statute of limitations, judgment should be for the defendant, the claim not being barred by the statute of limitations, under the stipulation the plaintiff is entitled to have judgment entered in its favor for the amount of its claim together with interest at the statutory rate from the date of the commencement of the action.

APPEAL from a judgment of the Superior Court of Santa Cruz County and from an order refusing a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Charles M. Cassin, and James L. Atteridge, for Appellant.

J. Leslie Johnston, City Attorney, for Respondent.

THE COURT.—This is an action brought to recover the sum of $1628.59, and interest, alleged to be due upon an account for goods, wares, and merchandise sold and delivered by the plaintiff to the defendant at its special instance and request. The defendant in its answer denied the indebtedness and also pleaded that the action was barred by the statute of limitations. The essential facts of the case, as disclosed at

the trial, are these: In the month of December, 1906, the plaintiff sold to the defendant 231 feet of new water pipe at a price which was not then fixed but which was thereafter to be agreed upon. In February, 1907, the plaintiff made a further sale of old water pipe to the defendant, and it was then agreed between the plaintiff and the defendant through the duly authorized agents of each that the total price for both lots of pipe sold should be $1628.59. In October, 1907, the plaintiff duly filed with the clerk and presented to the common council of the defendant its claim and demand in due form for the allowance and payment of the sum of $1628.59 due upon this account, which claim the said council at some date in the month of October, 1907, by vote of its members rejected. This action was commenced on April 2, 1909. At the close of the plaintiff's case, in which the foregoing facts were proven, the defendant moved for a nonsuit, upon the sole ground that the cause of action was barred by the statute of limitations. During the course of the argument of this motion, the trial court inquired of counsel for the defendant if he proposed to offer any evidence in defense of plaintiff's case; to which counsel for the defendant responded that the defendant had no witnesses and did not propose to offer any testimony or evidence in defense. It was thereupon stipulated that the jury in attendance should be dismissed and that, if the court determined upon the pending motion for nonsuit that the cause of action was not barred by the statute of limitations, it should render judgment for plaintiff for the amount due upon its claim; but that, if it should determine that the cause of action was barred by the statute of limitations, judgment should be for the defendant. The cause having been submitted upon this stipulation, the court held that the cause of action was barred by the statute of limitations and a judgment of nonsuit was entered. It is from this judgment and from an order denying its motion for a new trial that the plaintiff prosecutes this appeal.

The first contention of the appellant is that the plea of the statute of limitations as a bar to this action was ineffectually presented in the answer of the defendant. The form of said plea is simply "that said action is barred by the statute of limitations." It is conceded by the respondent that a plea of the statute in this general way is insufficient to satisfy the requirement of section 458 of the Code of Civil Procedure, but

it is further contended by the respondent that not only did
the plaintiff fail to raise the question of the insufficiency of
this portion of the answer by a demurrer thereto but that,
upon the trial, its plea of the statute was treated as sufficient
and that in point of fact the only question in the case pre-
sented to the court by the stipulation of the parties upon the
motion for nonsuit was the question as to whether the plain-
tiff's cause of action was or was not barred by the statute of
limitations. The record in the case bears out this contention
and justifies this court in holding that the plaintiff, having
treated the defendant's plea of the statute as sufficient upon
the trial, must be held to have waived its objection to it and
cannot be heard upon appeal to urge its insufficiency.
(*Churchill* v. *Woodworth,* 148 Cal. 669, [113 Am. St. Rep. 324,
84 Pac. 155] ; *Mullenary* v. *Burton,* 3 Cal. App. 263, [84 Pac.
159].) The appellant further contends that the trial court
was in error in holding that the plaintiff's cause of action was
barred by the statute of limitations upon the undisputed facts
before it. The question of law involved in this contention is
this: The charter of the city of Santa Cruz (Stats. 1875–76
p. 193, sec. 11) provides as follows:

"Every claim and demand that shall arise against the city
of Santa Cruz shall be filed with the city clerk and presented
to the common council, and if found correct shall be allowed
and ordered paid by a majority vote of the councilmen elected,
and when so allowed shall be presented to the mayor for ap-
proval, and if he approves such allowance he shall indorse
his approval upon such claim or demand, and if he fail or
refuse to approve such allowance within ten days, the said
claim or demand, in order to render the same payable, must
be allowed and ordered paid by the votes of three council-
men." The question is as to whether the plaintiff, prior to
its presentation of its claim and demand to the city clerk and
common council of the city of Santa Cruz in the manner pro-
vided by this section of its charter, had a ripened cause of
action upon the account in question here upon which it could
and therefore should have commenced and maintained an
action within the statutory period after the date of creation
of the claim. Under the authorities from this and other states
construing similar statutes and charters requiring the pres-
entation of claims and demands to the officials of a city as
a prerequisite to their payment, we are constrained to hold

that in this case the plaintiff's claim and demand against the city of Santa Cruz had not ripened into a cause of action upon which it could have begun and maintained a suit prior to the date of the presentation and rejection of its claim. (*Bancroft* v. *City of San Diego*, 120 Cal. 432, [52 Pac. 712]; *Sheridan* v. *City of Salem*, 14 Or. 328, [12 Pac. 925]; *Stackpole* v. *School District*, 9 Or. 508; *Yavapai Co.* v. *O'Neil*, 3 Ariz. 363, [29 Pac. 432].)  The respondent herein cites the case of *Gill* v. *City of Oakland*, 124 Cal. 335, [57 Pac. 150], as laying down a different rule; but an examination of the record in that case discloses that the charter of the city of Oakland as it stood at the time that case arose contained no provision for the presentation of claims to the council of the city before payment, and further discloses that the plaintiff in that case did in fact present his claim to the auditor of the city, as required by its charter and only brought his suit after the failure or refusal of the proper officials of the city to take action thereon.  We think that the contention of the appellant must therefore be sustained.  Counsel for the respective parties discuss in their briefs another point as to the nature of the account sued upon; but in the light of the views last above expressed by the court as to the time when the plaintiff's claim first ripened into an actionable cause, it becomes unnecessary to pass upon the particular nature of the plaintiff's account; for, whatever its quality as an open or stated or simple account, the action upon it was brought within the time required by the statute.  The appellant claims that in the event of a reversal of the judgment it is entitled to have a direction to the trial court to enter judgment in its favor for the amount of its claim, together with interest at the statutory rate from the date of the commencement of the action.  The right of the appellant to the entry of a judgment for the amount of its claim seems covered by the stipulation; and as to the allowance of interest upon a claim of this character, the action of the court is controlled by the case of *Martyn* v. *Western Pacific Railway Co.*, 21 Cal. App. 589, [132 Pac. 602].

The judgment and order are reversed and the cause remanded with direction to the trial court to enter a judgment in favor of the plaintiff for the sum of $1628.59, with interest

thereon at the rate of seven per cent per annum from April 2, 1909, until the date of entry of such judgment.

A petition for a rehearing of this cause was denied by the district court of appeal on December 23, 1914.