[Civ. No. 2625. First Appellate District, Division One.—April 30, 1919.]

## F. R. GROTHEER, Respondent, v. PANAMA–PACIFIC LAND COMPANY (a Corporation), Appellant.

[1] VENDOR AND VENDEE—FAILURE OF CONSIDERATION—RIGHT OF VENDEE.—In this case, the long-continued failure of the vendor to make certain street improvements in accordance with its agreement with the purchaser constituted a ·clear failure of consideration, and, under the terms of subdivision 4 of section 1689 of the Civil Code, entitled the latter to rescind the contract.

[2] ID.—EXTENSION OF TIME FOR PERFORMANCE—WAIVER OF RIGHT TO RESCIND.—The right of the vendee to rescind such contract was not waived by her acceptance of the vendor's proposition to defer payment of the balance due under the contract until the improvements were made, where such improvements were not made within a reasonable time thereafter.

[3] ID.—COST OF PERFORMANCE IMMATERIAL.—The fact that the performance of the agreement by the vendor would entail considerable expense would not excuse performance of its obligation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. E. Crothers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jordan & Brann for Appellant.

Myrick & Deering and James Walter Scott for Respondent.

---

1. Right of vendee to rescind executory ·contract for sale of land because of vendor's breach of contract to make improvements, notes, L. R. A. 1917B, 403; 21 L. R. A. (N. S.) 823.

1. Right of vendee to recover payments made on rescission of contract, note, L. R. A. 1918B, 547.

RICHARDS, J.—The plaintiff and defendant on October 10, 1910, entered into a contract by which the latter sold to the former and agreed to convey to her a lot of land situate within the municipality of Oakland, at the corner of Sunnyvale Avenue and Stanley Road. The price of the lot was $1,580, part of which was paid upon the execution of the agreement, and the balance thereof was payable in monthly installments.

The agreement contained the following provisions:

"Time is hereby expressly made of the essence of this agreement.

"The seller agrees as follows, viz.:

"(a) To construct concrete curbing and cement sidewalks.

"(b) To grade and macadamize and concrete gutter all streets.

"(c) To lay sewers and water-mains.

"Improvements will be carried on with due diligence until completed, all at the expense of the seller."

The plaintiff made her payments regularly until May, 1914, at which time she paid on account of principal the sum of $1,005, together with $172.85 for interest and $17.55 for taxes. At that time she called upon the secretary of the defendant, and stated to him that the company was not living up to its agreement with reference to the construction of street improvements; that she did not wish to find herself in the position of having completed her payments before all the street work was done, but at the same time she did not wish to stop them and have interest accrue against her. The secretary of the company replied that the position assumed by the plaintiff was a reasonable one, and promised to take up the matter with his board of directors; and some months thereafter, on December 11, 1914, the company communicated to the plaintiff a resolution adopted by it relieving her of further payments until the street work in front of her lot had been completed. No further work having been done by the defendant in connection with the plaintiff's lot she, on November 16, 1915, rescinded the contract and demanded the return of the money paid thereunder by her, the refusal of the defendant to comply with this request resulting in the bringing of the present action.

Defendant answered, admitting that it had failed to construct cement sidewalks, concrete curbing, and concrete gut-

ters in Stanley Road, but alleged in this behalf that said work was not done by it because of the impossibility of securing from the city of Oakland the necessary permission for such improvement. It also set up as a separate defense that the plaintiff for a valuable consideration had waived the making of the omitted improvements.

The court found against these contentions of defendant and rendered judgment in favor of the plaintiff for the amount demanded.

The defendant appeals, and urges as its first point that the record shows no ground entitling the plaintiff to the equitable relief of rescission. It argues that at most there is merely a breach of a simple contract, for which the only remedy is in damages, and that there is no damage shown.

Undoubtedly the rule in most jurisdictions is as stated by the appellant. This rule, however, has been changed in several states, including our own. (*Conlin* v. *Osborn,* 161 Cal. 659, [120 Pac. 755].) Section 1689 of the Civil Code provides under what conditions the remedy of rescission, formerly exclusively equitable, is available. The legislature has there enacted that a party to a contract may rescind if the consideration ''before it is rendered to him fails in a material respect from any cause.'' We think the present case comes within this provision of the code. The evidence disclosed that there existed throughout the length of Stanley Road, including that part of said road in front of plaintiff's lot, a ditch several feet wide and deep, which served the purpose of carrying off storm waters from neighboring lands, and also, as we have seen, that certain street improvements agreed to had not been made, rendering the lot of little value for residence purposes, for which it had been sold. [1] This situation still existed six years after the execution of the contract, which bound the defendant to the exercise of diligence in carrying out its terms, even to the making of time of the essence thereof. This long-continued failure to comply with essential provisions of its agreement constituted a clear failure of consideration (*Conlin* v. *Osborn, supra; Sterling* v. *Gregory,* 149 Cal. 117, [85 Pac. 305]; *Richter* v. *Union Land etc. Co.,* 129 Cal. 372, [62 Pac. 39]; *Brown* v. *National Electric Works,* 168 Cal. 336, [143 Pac. 606]), and, under the terms of subdivision 4 of the section of the Civil Code above referred to, entitled the plaintiff to rescind the contract.

[2]    It is further contended by the appellant that the plaintiff waived her right (if any) to rescind by agreeing with it as to what the consequence of the delay in making the improvements should be—referring to the fact that, upon the objection of plaintiff to continuing her payments while appellant was behind in the prosecution of the work of street improvement, appellant in writing notified her that further payments could be deferred until the work was completed. We do not give to this incident the scope thus claimed for it. The plaintiff was still urging that the neglected work be done, and, although for some time she took advantage of the appellant's permission to defer further payments, this did not prevent her after a reasonable time from insisting that the terms of appellant's contract be lived up to.    (*Woodard* v. *Glenwood Lumber Co.,* 171 Cal. 513, [153 Pac. 951].)    The plaintiff waited such reasonable time, for it was not until nearly a year after the extension of time impliedly given to the appellant for the completion of the work (during which time no further work was done) that the plaintiff formally rescinded the contract and commenced this action.

It is also argued by the appellant, as negativing the court's finding that it did not diligently prosecute the work of street improvement, that the evidence shows that it was impossible for it to do so because it was unable to obtain the permission of the authorities of the city of Oakland for the doing of the work.    The only support in the record for this contention is that the appellant on several occasions unsuccessfully sought the permission of the city engineer and of the superintendent of streets to place a culvert over the storm water ditch in Stanley Road.    As to this, it may be said that the ditch was in existence and known to the appellant at the time it entered into the contract; that if, in order to comply with its contract, it was necessary to provide for carrying off the storm waters by some other means and fill up the ditch, it had assumed the obligation to do so.    [3]    Such an operation, of course, would entail considerable expense, but that consideration would not excuse performance of an obligation, and, so far as refusal of permission by the city engineer and the superintendent of streets is concerned, it was merely a refusal to allow the ditch to be covered by a culvert; nor does the record disclose any application to the proper municipal authorities for whatever permission was necessary.    Finally,

it may be said that much of the work that was left undone was of such a character as not to require any official permission. The record thus abundantly sustains the finding of the trial court as to the appellant's lack of diligence in carrying out its contract.

Judgment affirmed.

Waste, P. J., and Nourse, J., *pro tem.*, concurred.