[L. A. No. 15674. In Bank.—June 23, 1936.]

MAUDE DRYDEN, Appellant, v. BOARD OF PENSION COMMISSIONERS OF THE CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents.

Ignatius F. Parker and Albert Sidney Brown for Appellant.

Delvy T. Walton, as *Amicus Curiae* on Behalf of Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Robert J. Stahl, Deputy City Attorney, for Respondents.

THE COURT.—A hearing was granted in this case after decision by the District Court of Appeal, Second Appellate District, Division One. Upon further consideration, we are satisfied with the conclusion reached by said court, and we hereby adopt the following opinion of Mr. Justice *pro tempore* Roth as part of the opinion of this court:

"Petitioner and defendants both filed separate appeals from the judgment in this case in favor of defendants. Pe-

titioner's appeal is Civil No. 9912, and the appeal of defendants is Civil No. 10025. Both will be considered together.

"Petitioner is the widow of Claude Le Roy Dryden, a former police officer of the city of Los Angeles, who for more than three years prior to his death held the rank of detective-lieutenant. The trial court found from conflicting evidence that on October 13, 1924, deceased received injuries in an automobile accident, occurring while deceased was acting in the line of duty, which injuries were a primary contributing cause of his death on August 10, 1931. On June 6, 1932, approximately ten months after the death of Dryden, his widow, petitioner herein, presented to the Board of Pension Commissioners of the City of Los Angeles and the members thereof (defendants herein), her claim and petition for pension, which was by said court denied. The trial court upheld the action of the Pension Board on the sole ground that section 376 of the city charter required all such claims or demands to be presented within six months, and that, since more than six months had elapsed since the death of petitioner's husband, the said claim was barred and petitioner entitled to no relief under the pension provisions of the city charter of the city of Los Angeles.

"The sole point presented on petitioner's appeal (Civ. No. 9912) is the correctness of the trial court's ruling in this respect. The appeal of defendants (Civ. No. 10025) attacks the correctness of the finding made by the trial court to the effect that the injuries received in the accident of 1924 were a primary cause of death. A number of experts testified as to the cause of death, and the trial court in a written opinion sums up the evidence and states its conclusions as follows:

" 'Dr. R. M. Dunsmoor, the only physisian who performed an autopsy and the only eye witness thereto, testified that upon the opening of the heart of the deceased he found a thrombus, a fibrous ribbon-like substance about the size of a rubber document band, such as he presented at the trial. This thrombus when found was attached to the lower apex of the right ventricle, extending free, upward, in the main sinus of the ventricle, through the tricuspid valve into the right auricle. He testified that the clinical symptoms indicated a degree of closure of the tricuspid valve by reason

of the presence of this connective, ribbon-like tissue, which closure resulted in the death of the lieutenant.

" 'All of the evidence of the physicians indicated that thrombosis may *originate* in an ante mortem blood clot forming by reason of such a fracture.

" 'The physicians differed materially as to whether such a thrombus would tend to and could work its way *against* the blood stream through the tricuspid valve into the auricle. One of the witnesses stated that it would tend to and does in many cases work its way into the pulmonary arteries.

" 'None of the evidence denies that the witness Dr. Dunsmoor found the conditions as stated. He was an eye witness, the only one, and his evidence is contradicted only by the negative evidence of learned witnesses as to their observation in numerous other cases and their deduction from years of study and practice. . . .

" 'We value very highly the testimony of these learned men, but in applying the law of evidence greater weight must be given to the unshaken testimony of an expert *eye witness*. " 'We are therefore inclined to hold that the lieutenant's death resulted from a traumatic thrombosis caused by the injury in the automobile collision in question.'

"A perusal of the recorder's transcript convinces us that the foregoing *résumé* of the evidence made by the trial court is fair and fully corroborated by the record. We are, therefore, satisfied that there was a substantial conflict in the evidence, and that the conclusion of the trial court on the facts cannot be disturbed.

"Petitioner's appeal presents a more substantial question. Section 186 of article XVII of the charter of the city of Los Angeles provides for the creation of a pension fund and particularizes the sources from which money shall be derived to make up the fund. Section 186½ of the same article requires, in effect, that a member of the police or fire departments of the city of Los Angeles shall pay to this fund 4 per cent of each salary check received. The deceased was a member of the police department for approximately fourteen years before his death, during the entire period of which he paid his required 4 per cent of each salary check received. A pension based upon such facts is not a gratuity. It is a periodical allowance of money granted by the city in consideration of services rendered or of loss or injury sus-

tained, *and* payments actually made for that purpose.
■ It has been clearly held that the pension provisions of the city charter are an integral portion of the contemplated compensation set forth in the contract of employment between the city and a member of the police department, and are an indispensable part of that contract, and that the right to a pension becomes a vested one upon acceptance of employment by an applicant. (*O'Dea* v. *Cook,* 176 Cal. 659 [169 Pac. 366]; *Aitken* v. *Roche,* 48 Cal. App. 753 [192 Pac. 464]; *French* v. *Cook,* 173 Cal. 126 [160 Pac. 411]; art. XVII, sec. 183, Charter of the City of Los Angeles.)

■ ''The pertinent portion of section 183 of the charter is as follows:

'' 'Whenever any member of the . . . Police Department shall die as a result of any injury received during the performance of his duty . . . then an annual pension shall be paid in equal monthly installments to his widow . . . in an amount equal to one-half ($\frac{1}{2}$) of the average monthly rate of salary which such deceased member shall have received in such department during the three years immediately preceding the time of his death . . . '' (Stats. 1927, p. 2008.)

''Section 183 undoubtedly gives to petitioner the unqualified right to a pension. The section does not, nor does any other section of article XVII, which article is in its entirety devoted to pensions, set out the procedural machinery by which the pension therein provided for may be obtained. There is nothing in the whole of said article XVII which requires a widow to file an application for a pension within a given period of time or to file such an application at all. As defendants concede in their brief, 'standing alone, it (sec. 183) amounts to a declaration that a pension shall be paid, but is silent as to the manner of its payment.' It seems to be conceded by all parties that section 183 provides that, when the facts stated therein exist relative to the death of a member of the police department as a result of any injury received during he performance of his duty,—'then an annual pension shall be paid in equal monthly instalments to his widow'.

''All of the facts which are required to exist as conditions precedent to the enforcement of a pension claim, as required by section 183, have been by the trial court found to exist. Defendants assert, however, that the charter must be

read as a whole, and that section 376 of article XXVIII, of the charter requires that a claim or application for a pension must be filed within six months. The pertinent portion of section 376 is as follows:

" 'No suit shall be brought on any claim for money . . . against the City of Los Angeles, or any . . . board of the city, until a demand for the same has been presented, as herein provided, and rejected in whole or in part . . . Except in those cases where a shorter period of time is otherwise provided by law, . . . all . . . claims or demands shall be presented within six (6) months after the last item of the account or claim accrued.' (Stats. 1927, p. 2014.)

"It has been consistently held that laws requiring the presentation of claims, whether sounding in tort or in contract (*Western Salt Co.* v. *San Diego,* 181 Cal. 696 [186 Pac. 345]), to a designated officer or governmental agency within a limited time as a condition precedent to institution of action, are constitutional (*Yolo County* v. *City of Sacramento,* 36 Cal. 193; *Farmers & Merchants Bank of Los Angeles* v. *City of Los Angeles,* 151 Cal. 655 [91 Pac. 795]; *Geimann* v. *Board of Police Commissioners,* 158 Cal. 748 [112 Pac. 553]; McQuillin, Municipal Corps., 2d ed., vol. 6, p. 463; *Chapman* v. *City of Fullerton,* 90 Cal. App. 463 [265 Pac. 1035]; *Southern Pacific Co.* v. *City of Santa Cruz,* 26 Cal. App. 26 [145 Pac. 736]; *Brown* v. *Board of Police Commissioners,* 2 Cal. App. (2d) 245 [37 Pac. (2d) 737]) and it has been specifically held that a claim for salary unlawfully withheld cannot be recovered in absence of allegation and proof that section 376 had been complied with. (*Shannon* v. *City of Los Angeles,* 205 Cal. 366 [270 Pac. 682]; *Brown* v. *Board of Police Commissioners, supra.*) So, also, it has been held that, in the absence of charter provisions, the statute of limitations specified by subdivision 1, section 338 of the Code of Civil Procedure, will run against a claim for accrued pension payments. (*Hermanson* v. *Board of Pension Commissioners,* 219 Cal. 622 [28 Pac. (2d) 21].) The point made by defendants, therefore, that the provisions of section 183 should be read together with those of section 376 must be conceded.

■ This concession, however, does not in our opinion mean that petitioner is not entitled to *any* pension *payments.* The right to pension payments *is a continuing right.* Petitioner by her conduct may have barred herself from collect-

ing payments which have accrued, but this does not mean that she is without means to enforce the right to *present* and *future* pension payments, as distinguished from past and accrued pension payments, provided she proceeds to do so in the manner required by law. The distinction between a single covenant and a continuing covenant is well settled in the law. (*McGlynn* v. *Moore,* 25 Cal. 384, 395; *German-American Savings Bank* v. *Gollmer,* 155 Cal. 683 [102 Pac. 932, 24 L. R. A. (N. S.) 1066]; *Mulborn* v. *Montezuma Improvement Co.,* 69 Cal. App. 621 [232 Pac. 162]; *Woodard* v. *Glenwood Lumber Co.,* 171 Cal. 513 [153 Pac. 951]; *Grotheer* v. *Panama-Pacific Land Co.,* 41 Cal. App. 19, 22 [181 Pac. 667]; *Congregation of Roman Catholic Church of Ascension* v. *Texas & P. Ry. Co.,* 41 Fed. 564.) A case directly in point is *Gaffney* v. *Young et al.,* 200 Iowa, 1030 [205 N. W. 865]. In the Gaffney case, the deceased husband of the petitioner in said action, died on January 18, 1912, of illness as result of exposure suffered in the performance of his duties as a policeman. Petitioner filed application for pension on September 19, 1924, more than twelve years after the death of her husband. The claim was rejected. There were no charter provisions requiring the presentation of a claim within six months or within any other period of time, but in the Gaffney case, as in the Hermanson case, 219 Cal. 622, the plea of the statute of limitations was raised. The court passed directly upon the question and said:

" 'The question here is whether, when the right. of the appellee to a pension accrued and vested in her on the death of her husband, the right to enforce it may be wholly lost or barred by a failure to do so within the period of any statutory limitation. The act providing for the creation of the pension fund and for the payment of pensions from it fixes no limit of time within which application for a pension must be made or action to enforce the right commenced. The appellee's right to the pension, assuming it to exist, and to the payments to be made monthly would continue during her life, so long as she remained unmarried and of good moral character. *The right was and is a continuing one,* and, so far as present and future payments are concerned, we are of the opinion it was one she could enforce at any time upon proof of the facts sustaining it. . . .

" 'If appellee was, on the death of her husband, entitled to a pension, *her right to present and future payments* from the pension fund is not barred by any provision of the statute of limitations. . . .

" 'Counsel for appellants relies upon *Nicols* v. *Board of Com'rs,* 1 Cal. App. 494 [82 Pac. 557] . . . and *Lund* v. *Minneapolis etc. Relief Ass'n.,* 137 Minn. 395 [163 N. W. 742] . . . as holding that a claim for a pension may be barred by the statute of limitations. . . . In neither of these cases was the fact that the *right to the pension was a continuing one considered.*' (Italics ours.)

"It may be added that in the case of *Nicols* v. *Board of Commissioners, supra,* the claim made was in its entirety for past accrued payments. The same question was therefore not before the court on the facts of that case, and for that very good reason is not even considered.

"It is our opinion that the petitioner is entitled to all those periodic pension payments which fell due within a period of six months prior to her application to the Board of Pension Commissioners, and to all those periodic pension payments which have accrued since that date and which will continue to accrue in the future under the provisions of section 183 of the charter."

Defendants contend that the conclusion reached above is inconsistent with our decision in *Hermanson* v. *Board of Pension Commissioners, supra.* In that case we held that on the merits the petitioner was not entitled to a pension, and added that the statute of limitations was a bar to his claim. The point raised in the instant case, that the right to a pension is a continuing one, was not made in the Hermanson case, and, in view of the adverse determination against the applicant on the merits, would have been unavailing.

The judgment is reversed with directions to the trial court to enter judgment for petitioner in accordance with the views herein expressed.

Rehearing denied.