[L. A. No. 17553. In Bank.—Aug. 18, 1941.]

VIRGINIA M. DILLON, Appellant, v. THE BOARD OF PENSION COMMISSIONERS OF THE CITY OF LOS ANGELES et al., Respondents.

Pollock & Pollock, Edward I. Pollock, David Pollock, Theodore A. Horn and Louis Miller for Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Robert J. Stahl, Deputy City Attorney, for Respondents.

TRAYNOR, J.—Plaintiff's husband, a police officer for the city of Los Angeles, committed suicide in April, 1934. Within six months, plaintiff made application to the Board of Pension Commissioners of the City of Los Angeles for a widow's pension under article 17, section 183 of the charter of the city of Los Angeles. The board denied the application in February, 1935. In December, 1938, plaintiff filed the present proceeding in *mandamus* to compel the board to issue an order for the payment to her of a pension including a cash sum equal to the pension funds accrued in the three years preceding the date of the filing of the petition plus the amount of pension that will have accrued from that date to and including the date of such order with interest. The petition alleged that plaintiff's husband, in the course of his duties as police officer, suffered two accidents which caused severe injuries to his body and nervous system, giving rise to a condition of mental unbalance during which he took his life. Defendants demurred to the petition on the grounds that the petition did not state sufficient facts regarding the nature and extent of the deceased's injuries and his mental condition before death, and that any cause of action was barred by the statute of limitations. The trial court sustained the demurrer without leave to amend, holding that the cause was barred by the statute of limitations. Upon being refused leave to file a second amended petition, plaintiff appealed from the judgment of dismissal.

Sections 338 and 312 of the Code of Civil Procedure, which are applicable to actions in *mandamus* (Code Civ. Proc., sec. 1109), provide that an action upon a liability created by statute, other than a penalty or forfeiture, must be commenced within three years after the cause of action has

accrued. Whether or not the plaintiff's action is barred by this statute of limitations, therefore, turns upon when her cause of action accrued. ■ The right to receive periodic payments under a pension is a continuing one (see *Dryden* v. *Board of Pension Commrs.*, 6 Cal. (2d) 575 [59 Pac. (2d) 104]), and any time limitation upon the right to sue for each instalment necessarily commences to run from the time when that instalment actually falls due. Before plaintiff can claim these periodic payments, however, she must establish her right to a pension. If the Board of Pension Commissioners refuses to acknowledge this right upon application, she can properly bring an action of *mandamus* in the superior court to review the soundness of the board's decision, and to establish as a matter of law that she is entitled to the status of a pensioner. (*French* v. *Cook,* 173 Cal. 126 [160 Pac. 411]; *Sheehan* v. *Board of Police Commrs.*, 197 Cal. 70 [239 Pac. 844].) An action to determine the existence of the right thus necessarily precedes and is distinct from an action to recover instalments which have fallen due after the pension has been granted.

■ A cause of action accrues when a suit may be maintained thereon, and the statute of limitations therefore begins to run at that time. (*Osborn* v. *Hopkins,* 160 Cal. 501, 506 [117 Pac. 519, Ann. Cas. 1913A, 413].) The cause of action to establish the right to a pension accrued to plaintiff at the time of her husband's death. At any time following the death she could demand a pension from the board and upon refusal could maintain a suit to enforce such action. ■ The city charter requires an application to the board before court proceedings can be instituted, but it is established in California that a claimant cannot delay the running of the statute of limitations by postponing the time of demand upon the proper officials; the statute therefore begins to run at the time when the plaintiff first had the power to make such demand. (*Barnes* v. *Glide,* 117 Cal. 1 [48 Pac. 804, 59 Am. St. Rep. 153]; *Jones* v. *Board of Police Commrs.*, 141 Cal. 96 [74 Pac. 696]; *Curtin* v. *Board of Police Commrs.*, 74 Cal. App. 77 [239 Pac. 355]; *Wittman* v. *Board of Police Commrs.*, 19 Cal. App. 229 [125 Pac. 265]; *Harrigan* v. *Home Life Insurance Co.*, 128 Cal. 531 [58 Pac. 180, 61 Pac. 99]; *San Luis Obispo County* v. *Gage,* 139 Cal. 398 [73 Pac. 174].) Since, however, action by the board must precede court proceedings to obtain a pension, a claimant who has applied to the board

cannot sue for the pension while the claim is under consideration by the board. ██ It is well recognized that the running of the statute of limitations is suspended during any period in which the plaintiff is legally prevented from taking action to protect his rights. (Code Civ. Proc., 356; *Wolf* v. *Gall,* 174 Cal. 140, 145 [162 Pac. 115]; *Hutchinson* v. *Ainsworth,* 73 Cal. 452 [15 Pac. 82, 2 Am. St. Rep. 823]; *Hoff* v. *Funkenstein,* 54 Cal. 233; *Union Collection Co.* v. *Soule,* 141 Cal. 99 [74 Pac. 549]; *Elliott & Horne* v. *Chambers Land Co.,* 61 Cal. App. 310, 312 [215 Pac. 99]; see *Christin* v. *Superior Court,* 9 Cal. (2d) 526 [71 Pac. (2d) 205, 112 A. L. R. 1153]; 16 Cal. Jur. 562, 564.) ██ The running of the statute of limitations, therefore, is tolled during the period of the board's deliberations, that is, from the time the claim is filed until the board's decision is rendered. ██ In the present case plaintiff, upon the death of her husband, had the power to apply immediately to the board for a pension and to bring an action in *mandamus* upon its failure to comply. Her cause of action therefore accrued at the time of the death of her husband. The present action, commenced more than three years after that time, exclusive of the period of the board's deliberations, is barred by section 338 of the Code of Civil Procedure. *Talbot* v. *City of Pasadena,* 28 Cal. App. (2d) 271 [82 Pac. (2d) 483], so far as it is inconsistent with this conclusion, is disapproved.

██ This decision is not contrary to that of *Dryden* v. *Board of Pension Commissioners, supra,* in which the court interpreted section 376 of the charter of the city of Los Angeles which requires that any claim against the city other than for damages be presented within six months after the last item of the account or claim has accrued. (Stats. 1927, p. 2014.) With regard to pensions, the court interpreted the provision as meaning that a claim could be made to the board within six months after the time when any given payment would have accrued had the right to a pension been established. Thus, a claimant can assert his right to a pension before the board at any time after the event giving rise to the claim has occurred so long as the claim is made within six months after any payment would have accrued. If the pension is granted he is entitled to receive payments in the future but can recover only those past payments which would have accrued within a period six months prior to the time of the making of the claim. This result is compelled by the peculiar

wording of the charter provision, which establishes as the point of reference for the running of the six months' period, not the time when the right to the pension first accrues, but the time at which the last item of the claim accrues. In the case of pensions, items accrue indefinitely.

The charter provision, however, does not affect the time limitation upon the right of the plaintiff to bring an action of *mandamus* in the superior court. That limitation, which begins to run when the right first accrues, is governed by the Code of Civil Procedure. A claimant may assert the right to a pension before the board at any time within six months after the time when any payment would accrue under the pension; but if the board denies the claim, the claimant has no remedy by *mandamus* in the courts if more than three years have elapsed from the time when the right first arose exclusive of the time the matter was under consideration by the board. The charter provision does not, of course, require a claimant to make a succession of claims every six months in order to keep alive his right pending court action, but requires the filing of only one claim with the board. If he does so and his claim is refused he may thereafter maintain an action in the superior court at any time within three years from the time when the right first accrued.

Since the plaintiff's action here was commenced more than three years after the time when her cause of action accrued, the judgment of the trial court is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., and Pullen, J., *pro tem.*, concurred.

CARTER, J., dissenting:—I dissent.

According to the allegations of appellant's petition for a writ of mandate, appellant is the widow of Arnold Dillon, a former member of the Los Angeles Police Department. Dillon died on April 15, 1934. In September, 1935, appellant filed an *application* for a pension with the respondent Board of Pension Commissioners of the City of Los Angeles. That application was denied by respondent on February 26, 1935. On December 5, 1938, appellant filed in the superior court a petition for a writ of mandate to compel the respondent to make an order awarding her a pension and that said pension be paid. The superior court entered a judgment of dismissal after a demurrer was sustained and a request to amend

refused. From that judgment appellant appeals. The demurrer was sustained on the ground that the proceeding was barred by the statute of limitations.

The basis of appellant's claim to a pension is found in article 17, section 183 of the charter of Los Angeles. That section provides:

"Whenever a member of the police or fire department shall die as a result of any injury received during the performance of his duty, or other sickness caused by the discharge of such duty, or after retirement . . . then an annual pension shall be paid in equal monthly installments to his widow . . . in an amount equal to one-half ($\frac{1}{2}$) of the average monthly rate of salary which said deceased member shall have received in such department during the three years immediately preceding the time of his death or the date of his retirement. . . . Said pension shall be paid to the widow during her lifetime or until she remarries. . . . "

The Los Angeles Charter, article 28, section 376, in respect to claims against the city, provides that no suit may be brought on a demand unless a claim is filed within six months after the last item of the claim accrues.

The statute of limitations here invoked is section 338 (1) of the Code of Civil Procedure, establishing a three year period of limitation on actions upon a liability created by statute. It cannot be doubted that that section is applicable to an action for the recovery of the pension here involved.

To ascertain whether or not appellant's action is barred, it is of course necessary to determine when her action accrued as that is the point of commencement of the running of the statute. That problem has been solved by this court in the recent case of *Dryden* v. *Board of Pension Commissioners,* 6 Cal. (2d) 575 [59 Pac. (2d) 104]. There a police officer of Los Angeles was killed in the line of duty. *Ten months* after his death the widow filed an application for a pension with the Board of Pension Commissioners. The application was denied and the widow sought in the superior court to compel the payment of the pension by *mandamus.* The superior court held that her action for the writ of mandate was barred because of her failure to file a claim within six months after her husband's death as required by section 346 of the Los Angeles City Charter. This court reversed the lower court holding that an obligation to pay a pension is a *continuing one,* each

monthly installment being a separate cause of action accruing at the time it became due, and that therefore the claim may be filed at any time after death but petitioner could recover no more than the installments accruing within the six months' period preceding the filing thereof. This court said in that case at page 580:

"The right to pension payments *is a continuing right.* Petitioner by her conduct may have barred herself from collecting payments which have accrued, but this does not mean that she is without means to enforce the right to *present* and *future* pension payments, as distinguished from past and accrued pension payments, provided she proceeds to do so in the manner required by law. The distinction between a single covenant and a continuing covenant is well settled in the law. (*McGlynn* v. *Moore,* 25 Cal. 384, 395; *German-American Savings Bank* v. *Gollmer,* 155 Cal. 683 [102 Pac. 932, 24 L. R. A. (N. S) 1066]; *Mulborn* v. *Montezuma Improvement Co.,* 69 Cal. App. 621 [232 Pac. 162]; *Woodard* v. *Glenwood Lumber Co.,* 171 Cal. 513 [153 Pac. 951]; *Grotheer* v. *Panama-Pacific Land Co.,* 41 Cal. App. 19, 22 [181 Pac. 667]; *Congregation of Roman Catholic Church of Ascension* v. *Texas & P. Ry. Co.,* 41 Fed. 564.) A case directly in point is *Gaffney* v. *Young et al.,* 200 Iowa, 1030 [205 N. W. 865]. In the Gaffney case, the deceased husband of the petitioner in said action, died on January 18, 1912, of illness as result of exposure suffered in the performance of his duties as a policeman. Petitioner filed application for pension on September 19, 1924, more than twelve years after the death of her husband. The claim was rejected. There were no charter provisions requiring the presentation of a claim within six months or within any other period of time, but in the Gaffney case, as in the Hermanson case, 219 Cal. 622 [28 Pac. (2d) 21], the plea of the statute of limitations was raised. The court passed directly upon the question and said:

" 'The question here is whether, when the right of the appellee to a pension accrued and vested in her on the death of her husband, the right to enforce it may be wholly lost or barred by a failure to do so within the period of any statutory limitation. The act providing for the creation of the pension fund and for the payment of pensions from it fixes no limit of time within which application for a pension must be made or action to enforce the right commenced. The appellee's right to the pension, assuming it to exist, and to the payments to be

made monthly would continue during her life, so long as she remained unmarried and of good moral character. *The right was and is a continuing one,* and, so far as present and future payments are concerned, we are of the opinion it was one she could enforce at any time upon proof of the facts sustaining it. . . .

" 'If appellee was, on the death of her husband, entitled to a pension, *her right to present and future payments* from the pension fund is not barred by any provision of the statute of limitations. . . .

" 'Counsel for appellants relies upon *Nicols* v. *Board of Com'rs.,* 1 Cal. App. 494 [82 Pac. 557] . . . and *Lund* v. *Minneapolis etc. Relief Ass'n.,* 137 Minn. 395 [163 N. W. 742] . . . as holding that a claim for a pension may be barred by the statute of limitations. . . . In neither of these cases was the fact that the *right to the pension was a continuing one considered.* (Italics ours.)

" 'It may be added that in the case of *Nicols* v. *Board of Commissioners, supra,* the claim made was in its entirety for past accrued payments. The same question was therefore not before the court on the facts of that case, and for that very good reason is not even considered.

" 'It is our opinion that the petitioner is entitled to all those periodic pension payments which fell due within a period of six months prior to her application to the Board of Pension Commissioners, and to all those periodic pension payments which have accrued since that date and which will continue to accrue in the future under the provisions of section 183 of the charter.' "

It necessarily follows that if the obligation is a continuing one, and the obligation to pay each installment accrues when the same becomes payable, and the issue for determination is whether or not a claim has been filed in time, the same rule applies as when the statute of limitations is involved. There cannot logically or reasonably be two accrual dates for the obligation to pay a pension, that is, one to be applied with respect to the time when a claim must be filed and the other with respect to the time of commencement of the statutory period of limitation. The Dryden case is wholly decisive of the issue here presented.

The attempt of the majority opinion to escape the sound conclusion of the Dryden case is neither persuasive nor based

436

upon an accurate analysis thereof. The majority opinion concedes that under the Dryden case "any time limitation upon the right to sue for each installment necessarily commences to run from the time when that installment actually falls due," but then proceeds to the conclusion that when *mandamus* is involved, as in the case at bar, the matter to be determined is the right to the status of a pensioner as distinguished from the right to each installment as it becomes payable. It omits to state that the proceeding in the Dryden case was also a proceeding to obtain a writ of mandate and the status of petitioner as a pensioner was fully as much involved in that case as in the case at bar; it was not an action to recover installments of the pension. But in any event there is no true basis for a distinction between the two types of proceeding. In an ordinary common law action to recover pension installments the gist of the action would be the primary consideration of whether the plaintiff was entitled to a pension, that is, his status as a pensioner.

The Dryden case is not properly distinguishable on the ground that the court there determined that the meaning of section 346 of the charter was "that a claim could be made to the Board within six months after the time when any given payment would have accrued *had the right to a pension been established.*" The proceeding in the Dryden case was, as above seen, for the express purpose of establishing the right to the pension, and *was not* one to recover an installment of the pension *after* the right thereto had been ascertained. Nor may that case be distinguished on the ground that there is any difference between when the time commences to run within which a claim must be presented and when the statute of limitations commences to run. The Dryden case relies upon and quotes extensively from the case of *Gaffney* v. *Young,* 200 Iowa 1030 [205 N. W. 865]. The Gaffney case involved a statute of limitations in respect to pensions rather than a claim requirement, and held that the statute commences to run from each installment as it became payable.

The majority opinion then arrives at the unsupportable conclusion that a pension claimant may file his claim and have it considered *at any time* for future installments and those accruing within six months prior to the time the claim is filed, *but if the board rejects the claim he is without remedy if more* than three years, exclusive of the time the board is considering the claim, have expired since the death from which

the right to a pension is derived. Such strange results are not compelled by the claim provision. Logically and reasonably the point of commencement of the running of the time should be the same whether the claim provision or the statute of limitations is involved.

It may be that the result of such a conclusion is that a claim must be filed for each installment of pension, but there is nothing unusual or unreasonable in such a condition. Conditions may arise from time to time such as the marriage of the pension claimant, which would defeat her right to the continuation of the pension. The filing of the claim for each installment would insure the discontinuance of payments for pensions no longer payable. It is required that municipal civil service employees must file claims for their salaries. (*Shannon* v. *City of Los Angeles,* 205 Cal. 366 [270 Pac. 682].)

It is recognized that the statute does not run on a continuing obligation under a contract except as to those obligations falling due prior to the statutory time before the commencement of the action. (*De Uprey* v. *De Uprey,* 23 Cal. 352; *Hinkel* v. *Crowson,* 83 Cal. App. 87 [256 Pac. 479] ; *Bissell* v. *Forbes,* 1 Cal. App. 606 [82 Pac. 698] ; *Trigg* v. *Arnott,* 22 Cal. App. (2d) 455 [71 Pac. (2d) 330] ; *Lee* v. *DeForest,* 22 Cal. App. (2d) 351 [71 Pac. (2d) 285] ; *Reuter* v. *Pacific Mut. Life Ins. Co.,* 5 Cal. App. (2d) 333 [43 Pac. (2d )576].) There is no valid reason why the same rule should not apply to pensions. A pension claimant should be able to file a claim at any time for installments falling due within six months prior to the date of filing, and to have a remedy either by *mandamus* or ordinary civil action within three years after the rejection of the claim by the board.

It is conceded in the majority opinion that a cause of action accrues when a suit may be maintained thereon, and the statute of limitations begins to run at that time. (*Osborn* v. *Hopkins,* 160 Cal. 501 [117 Pac. 519, Ann. Cas. 1913A, 413].) It is also held that no proceeding for *mandamus* will lie until after a claim has been filed and rejected. Therefore, since no suit can be maintained until after the filing and rejection of a claim, no cause of action accrues which puts into operation the statute of limitations. It is conceded that the case of *Dryden* v. *Board of Pension Commissioners, supra,* correctly holds that a claim may be filed at any time for in-

stallments falling due within the last preceding six months. The inescapable conclusion that must necessarily follow is that the statute does not run until three years after a claim is rejected, which claim may be filed at any time, yet the majority opinion arrives at the opposite conclusion. Such inconsistency is obvious on the face of the opinion. The only attempt to reconcile that illogical conclusion is the assertion that the charter provision as to claims cannot affect the state statute of limitations. It cannot be doubted however that the charter may affect some of the elements necessary to be determined preliminarily in applying the statute of limitations, namely, the condition precedent to the bringing of any suit, that is, the filing of a claim. A municipality may require the filing of a claim as a prerequisite to action on any claim against it. (*Dryden* v. *Board of Pension Com'rs., supra; Yolo County* v. *Sacramento,* 36 Cal. 193; *Farmers & Merchants Bank of Los Angeles* v. *Los Angeles,* 151 Cal. 655 [91 Pac. 795]; *Geimann* v. *Board of Police Commissioners,* 158 Cal. 748 [112 Pac. 553]; *Chapman* v. *City of Fullerton,* 90 Cal. App. 463 [265 Pac. 1035]; *Southern Pac. Co.* v. *Santa Cruz,* 26 Cal. App. 26 [145 Pac. 736]; *Brown* v. *Board of Police Commissioners,* 2 Cal. App. (2d) 245 [37 Pac. (2d) 737]; *Shannon* v. *Los Angeles,* 205 Cal. 366 [270 Pac. 682].) It necessarily follows that to the extent at least as to when the cause of action to recover pension installments accrues, the charter claim provision does control the state statute of limitations, and the latter becomes operative only upon the rejection of the pensioner's claim.

In my opinion the law should be as held in the Dryden case, *supra,* that the right to a pension is a continuing one; that the statute of limitations does not commence to run until a claim is filed and rejected, and then only as to installments covered by the claim. Petitioner should therefore be permitted to file another claim and maintain an action thereon if the same is rejected.

Appellant's petition for a rehearing was denied September 13, 1941.