[Civ. No. 13341.   Second Dist., Div. Two.   Jan. 8, 1942.]

KATHRYN F. WOOD, Respondent, v. BOARD OF POLICE AND FIRE PENSION COMMISSIONERS OF THE CITY OF LONG BEACH et al., Appellants.

Irving M. Smith, City Attorney, Nowland M. Reid, Assistant City Attorney, and Clifford E. Hayes, Deputy City Attorney, for Appellants.

Joseph A. Ball and Kenneth Sperry for Respondent.

WOOD (W. J.), J. — Defendants have appealed from a judgment granting plaintiff's petition for a peremptory writ of mandate and establishing petitioner's right to a pension as the widow of a deceased police officer.

Ben N. Wood, while employed by the police department of the city of Long Beach, sustained injuries in the course of his employment which caused permanent disability. Upon his application the Board of Police and Fire Pension Commissioners of the city on March 30, 1936, directed that he be retired because of physical disability received in the discharge of his duties and directed that he be paid an annual pension as provided by subdivision 3 of section 187 of the Charter of Long Beach. Mr. Wood died on May 27, 1938, and in the following July the petitioner herein, widow of Ben N. Wood, filed an application with defendant board for a pension, claiming that she was entitled thereto under the provisions of subdivision 4 of section 187 of the charter. The application having been denied, petitioner instituted the present proceeding to compel the board to pay to her the sum due as the widow of a retired police officer.

The petition contains two counts. The first count is based upon the claim that petitioner is entitled to a pension for the reason that Mr. Wood was retired for disability at the time of his death. The second count is based upon the claim that petitioner is entitled to receive a pension because of the fact that Mr. Wood's death resulted from injuries received during the course of his employment. The trial court made no finding on the second cause of action but found the facts in favor of petitioner on the first cause of action, and ordered the issuance of a writ of mandate compelling defendants to grant the application for a pension and to take such further action as might be necessary to cause to be paid to her the sum of $3,262.50, the sum due for past accruals.

The provisions for pensions for policemen are found in section 187 of the Charter of Long Beach. Subdivision 1 of this section provides for the creation of a board to be known as the Board of Police and Fire Pension Commissioners. Subdivision 2 provides that if a member has served in the department for 20 years or more he shall, on his application to the commission, or by order of the commission, if it be deemed for the good of the department, be retired from further service in such department and that thereafter he be paid a pension, the amount of which to be governed by the length of his service and the salary attached to the rank or position held by him one year prior to the date of his retirement. Subdivision 3 provides in part: "Whenever any member of the Police or Fire Department shall become physically disabled by reason of bodily injuries received in, or by reason of sickness caused by the discharge of duties of such person in such department, or shall become so physically or mentally disabled as a result of such injury or sickness as to render necessary his retirement from active service, the commission shall order and direct that such person be retired from further service in such department; and thereafter such person so retired shall, during his lifetime be paid from said pension fund a yearly pension equal to one-half ($\frac{1}{2}$) of the amount of the salary attached to the rank or position held by him in such department at the date of such retirement order."

The principal issue in this appeal concerns subdivision 4, which provides in part as follows: "Whenever any member of the Police or Fire Department shall die as a result of an injury received during the performance of his duty, or from sickness caused by the discharge of such duty, or after retirement, or while eligible to retirement from such department, then an annual pension shall be paid in equal monthly installments to his widow, or child or children, or dependent parent or parents, in an amount equal to one-half ($\frac{1}{2}$) of the salary attached to the rank or position which such deceased person held in such department at the time of his death or one year prior to the date of his retirement from active duty in such department." This subdivision further provides for the payment of such pensions during the life or until the remarriage of the widow or until any children surviving shall have reached the age of 18 years. Subdivisions 5 and 6 provide the method of creating a pension fund, which is largely

dependent upon deductions from the salaries of various members of the departments.

It is the contention of defendants that although a widow of a policeman retired after service of twenty years would be entitled to a pension, the widow of a policeman who died after retirement because of physical disability is not entitled to a pension unless it can be established that death resulted from injuries received in or sickness caused by the discharge of official duties; but petitioner contends that the language of subdivision 4 compels the allowance of a pension to the widow of any officer whose death occurred after retirement, regardless of the cause of death. In their briefs both parties have printed quotations from various decisions referring to the well established rule that the courts in interpreting statutes should determine the legislative intent. Defendants assert that the language used in subdivision 4 is ambiguous and that it was not the intention of the framers of the charter to provide a pension for one in the position of petitioner.

Subdivision 4 provides in plain language for the payment of a pension to the dependents of a policeman whose death occurred (a) as the result of a service-connected injury; or (b) as the result of a service-connected sickness; or (c) after retirement; or (d) while eligible to retirement. Each of these contingencies establishes a separate and distinct classification of dependents entitled to receive a pension. Each contingency is separated by the word "or" and is appropriately punctuated by a comma. It is a clear and concise statement of the conditions under which rights to a pension are established. To uphold the contention of defendants it would be necessary to omit the comma after the words "or after retirement" and insert in place of the comma the words "because of length of service." The courts are not at liberty to alter the plain language of the charter, in which we find no inconsistent or unreasonable provisions. There is no occasion for speculation as to the intention of the framers of the charter, who have used language which is easily understood.

We find nothing unreasonable in petitioner's contention. It is obvious that policemen who die after retirement because of physical disability in most cases die at an earlier age than those who die after retirement because of length of service. The needs of the dependents of a younger member of the department who has been deprived of his earning capacity

because of a service - connected disability are greater than those of the dependents of an older member of the department who has been retired because of long years of service; for his growing children are more probably dependent upon him for support during his earlier age than at the later age when he can retire because of a long period of service. The reasons for creating a pension for the dependents of a younger officer are as compelling as the reasons for creating a pension for the dependents of an older officer.

Defendants base their contention that the petitioner is not entitled to a pension mainly upon the suggestion that the charter fails to specifically provide for the amount of a pension payable to the dependents of a deceased police officer who had been retired because of disability before having worked in the department for a period of one year. Without conceding that no means is provided for fixing the amount of the pension in such a contingency, petitioner points out that Mr. Wood had in fact served many years in the department. The commissioners, and in turn the court, would not be justified in ignoring the express provisions of the charter which clearly provide the right to and the amount of a pension because of the mere fact that the framers of the charter failed to take into consideration every possible contingency which might arise in fixing the amounts of the various pensions for which provision was being made.

Defendants contend that petitioner may not prevail for the reason that she did not file a claim with the city clerk. Section 338 of the Charter of Long Beach provides as follows: "All claims for damages against the City of Long Beach must be presented to the city council, and filed with the city clerk within six (6) months after the occurrence for which the damages arose." In July, 1936, the city council enacted an ordinance providing that "all demands or claims for damages against the City of Long Beach, or any officer, board or commission of the City, must be presented and filed . . . and . . . all other demands or claims of whatsoever kind or character, against the City, or any officer, board or commission of the City, must be presented and filed . . . within six (6) months after the last item of the act or demand or claim accrued." The ordinance further provides that such claims should be addressed to the city council and filed with the city clerk.

Section 187 of the charter, after providing for the creation of "a governmental board," further provides: "The Board of Police and Fire Pension Commissioners shall have exclusive control of the administration and the investment of the pension fund or funds which may be established as hereinbefore provided, and to make all needful rules and regulations for its guidance in conformity with the provisions hereof." The section further provides that a member of the fire or police department shall "on his application to the commission" be retired in accordance with the detailed provisions set forth in the section. The section repeatedly refers to the application of the members of the department to the commission for the attainment of the rights accorded to them by the charter, but in no instance makes reference to the filing of any application or claim with the city clerk. It appears that the charter provides in section 187 a complete method to be followed by members of the department in obtaining their pension rights. It must be held that the framers of the charter, by providing in section 338 for filing with the city clerk general claims for damages only, intended that the provisions of section 187 should govern the practice to be followed by pension claimants. The council was without authority to enact an ordinance compelling the filing of a demand for pension rights with the city clerk.

Requirements for the filing of claims with the clerks of governmental bodies have been upheld on the theory that timely opportunity should be given for the investigation of claims and for possible settlement before the commencement of court actions. In practical operation such enactments have often resulted in the failure of applicants to obtain hearings in court due to inadvertence or to the ignorance of the applicants concerning the requirements of ordinances, or to error on their part as to the necessity for filing claims. At times the courts have reluctantly refused hearings because of the strict statutory requirements on the subject, realizing that the bar of the statute had not aided in the administration of justice. We are unwilling to apply the rule requiring the filing of claims to one who seeks a hearing in the courts unless we are compelled so to do by statute validly enacted. In the present case the filing of a demand with the city clerk could not possibly have been of assistance to either party, for the defendant members of the commission were the only officials

authorized to pass upon petitioner's application for pension rights.

*Dryden* v. *Board of Pension Commissioners,* 6 Cal. (2d) 575 [59 Pac. (2d) 104], relied upon by defendants, contains nothing inconsistent with the views herein expressed. In that case no issue concerning the proper place for the filing of demands or claims was before the court.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 6, 1942.