THE STATE OF DELAWARE, on the relation of Edward Carpenter, Plaintiff, v. WILLARD D. BOYCE, being Treasurer of the State of Delaware, and EDWARD W. COOCH, J. GORDON SMITH and FREDERIC K. LAMB, being the Members of and Constituting the State Pension Board, Defendants.

*(December 8, 1949.)*

LAYTON, J., sitting.

*David B. Coxe, Jr.,* for Plaintiff.

*C. Edward Duffy* (James L. Latchum of Counsel) for Defendants.

Superior Court for New Castle County, No. 588, Civil Action, 1949.

Layton, Judge.

The question presented by this motion is whether or not the Statute of Limitations of three years has run against Plaintiff's claim. In my opinion it has. *Dillon v. Board of Pension Commis-*

*sioners,* 18 *Cal.* 2d 427, 116 *P.* 2d 37, 136 *A. L. R.* 800; *Barney v. City of Lincoln,* 144 *Neb.* 537, 13 *N. W.* 2d 870.

Plaintiff relies upon a line of authorities which superficially support his position. Upon closer examination, however, the facts of these cases reveal that, prior to the bringing of petitioner's suit to recover his pension, his right thereto had been established. *Dryden v. Board of Pension Commissioners,* 6 *Cal.* 2d 575, 59 *P.* 2d 104; *Donnellan v. O'Dwyer,* 189 *Misc.* 121, 67 *N. Y. S.* 2d 642. This distinguishing feature is clearly apparent, and is commented on at length, in the Dillon case, 116 P. 2d at page 40, 136 A. L. R. 800. See also 189 *Misc.* 121., 67 *N. Y. S. 2d at page* 650.[1] What the result would be here had Plaintiff established his right to a pension within three years of his retirement and then failed to institute an action to recover an installment for more than three years thereafter is a question not raised by this motion.

For the reasons just stated I have no alternative but to grant the motion to dismiss.

1. Tyre v. Board of Police and Fire Pension Commissioners. 197 Pac. 2d 710 (712, 713) clearly reveals the distinction between the Dillon and Dryden cases.