[Civ. No. 25400. Second Dist., Div. Four. Mar. 14, 1962.]

JOHN H. ATWELL et al., Plaintiffs and Respondents, v. CITY OF LOS ANGELES et al., Defendants and Appellants.

[Civ. No. 25401. Second Dist., Div. Four. Mar. 14, 1962.]

THERESA CASEY et al., Plaintiffs and Respondents, v. CITY OF LOS ANGELES et al., Defendants and Appellants.

[Civ. No. 25402. Second Dist., Div. Four. Mar. 14, 1962.]

EVA LOU BOWERS et al., Plaintiffs and Respondents; MAUDE THOMAS, Plaintiff and Appellant v. CITY OF LOS ANGELES et al., Defendants and Appellants.

Roger Arnebergh, City Attorney, Bourke Jones and John J. Tully, Jr., Assistant City Attorneys, and Weldon L. Weber, Deputy City Attorney, for Defendants and Appellants.

Kenneth Sperry and John L. Kaesman for Plaintiffs and Respondents and Plaintiff and Appellant in Civ. No. 25402.

BURKE, P. J.—In these three companion cases consolidated for trial plaintiffs in *Atwell* v. *City of Los Angeles* (hereinafter termed the "*Atwell* case") are retired policemen or firemen, and plaintiffs in *Casey* v. *City of Los Angeles* (hereinafter termed the "*Casey* case") and *Bowers* v. *City*

*of Los Angeles* (hereinafter termed the *"Bowers* case") are all widows of deceased firemen and policemen of the City of Los Angeles who seek a declaration with respect to pension benefits under the charter provisions of the City of Los Angeles. The principal issue involved in all three cases is whether a July 1, 1925, amendment (art. XVII, § 183) to the city charter relating to eligibility for widows' pensions, which provides that in order to be eligible for a pension a widow must have been married to her deceased pensioner husband "at least one year prior to the date of his retirement" instead of "for one year prior to the date of his death" as had been provided in the charter prior to 1925, was unreasonable, unconstitutional and invalid as applied to the widow plaintiffs in the *Casey* and *Bowers* cases and the widows, if any, of the plaintiff members in the *Atwell* case.

The plaintiffs in the *Atwell* case are retired policemen or firemen who were appointed to their positions prior to July 1, 1925, and who are receiving pensions from the city. Although each plaintiff is married, the date of his marriage did not occur until after such member's retirement from his active service. In the *Atwell* case each plaintiff seeks a declaration that upon his death his surviving spouse, to whom he shall have been married for at least one year prior to the date of his death, will be entitled to receive a fluctuating pension.

Plaintiffs in the *Casey* and *Bowers* cases are all widows of deceased pensioners who were appointed to their respective positions prior to July 1, 1925, and each of which received a pension from the city until the date of his demise. Each plaintiff and her deceased husband were married either after retirement or within less than one year prior to retirement but more than one year prior to his demise. None were married for one year prior to retirement. Each plaintiff widow seeks a fluctuating pension in the *Casey* and *Bowers* cases retroactive to the date of her husband's demise.

In the *Casey* and *Bowers* cases an additional issue is presented, to wit, whether both the first and second causes of action of plaintiffs are barred by virtue of the general claims provisions of sections 363 and 376 of the city charter, and further whether such provisions bar each plaintiff from recovering judgment for any monthly installment of pension benefit which accrued more than six months prior to the date upon which each plaintiff filed her claim therefor or whether defendants should be estopped from urging such defense.

In respect to defendants' appeal there is one additional issue applicable only to the *Bowers* case, to wit, whether both the first and second causes of each action of each plaintiff therein are barred by the provisions of sections 312 and 338, subdivision 1, of the Code of Civil Procedure.

One of the widow plaintiffs in the *Bowers* case, Maude Thomas, has appealed from that portion of the judgment in that case which determined that she is not now and never has been entitled to receive any death benefit pension from defendants since her husband had a "break" in his period of service.

In resolving the principal issue presented in these three cases, the following provisions of the Los Angeles city charter must be considered:

Prior to July 1, 1925, section 4 of article XI½ of the 1889 charter of defendant city provided "that no widow of a pensioner shall be entitled to a pension unless she shall have been married to such deceased pensioner at least one year prior to the date of his death." (Stats. 1923, pp. 1411-1414.) Effective as of July 1, 1925, said provision was amended by the enactment of section 183 of article XVII of the 1925 charter of defendant city to read "that no widow of a pensioner shall be entitled to a pension unless she shall have been married to such deceased pensioner at least one year prior to the date of his retirement" (Stats. 1925, pp. 1085-1088) and the same, as so amended, is still in effect.

The trial court held (1) that the 1925 amendment is unreasonable, unconstitutional and invalid as applied to each party plaintiff in all three cases and the deceased husbands of the plaintiff Maude Thomas and her deceased husband, John W. widow plaintiffs in the *Casey* and *Bowers* cases, except the Thomas, in the *Bowers* case; (2) that each plaintiff widow in the *Casey* and *Bowers* cases (except Maude Thomas) is entitled to receive a fluctuating pension retroactive to the date of the demise of her deceased husband; (3) that upon the demise of any party plaintiff in the *Atwell* case, his surviving spouse, if any, to whom he shall have been married for at least one year prior to his demise, will be entitled to receive a fluctuating pension; and (4) that defendants are estopped to urge the defense of the statute of limitations (Code Civ. Proc., §§ 312 and 338, subd. 1), and the claims sections of the city charter (§§ 363 and 376).

Defendants contend that the 1925 modification of the eligibility provisions of the city charter entitling widows to receive

pensions only if they have been married to a deceased member one year prior to the date of his retirement instead of one year prior to his death, as had been previously provided, was not and is not unreasonable as to any member or widow involved in these cases. They further contend that the evidence is insufficient to estop the defendants from urging the application of its charter claims sections or the statute of limitations. The plaintiffs take the contrary view with respect to both of defendants' contentions.

For the reasons indicated in the cases of *Henry* v. *City of Los Angeles, ante,* p. 299 [20 Cal.Rptr. 440] and the other cases consolidated with that case, we hold that the 1925 modification referred to above was unreasonable, unconstitutional and invalid as to any member or widow involved in the *Atwell* or *Casey* cases. In view of the holding of the Supreme Court in the case of *Abbott* v. *City of Los Angeles,* 50 Cal.2d 438 [326 P.2d 484] (herein referred to as the "*Abbott* case"), that the claims provisions of the city charter are applicable to pension claims, we affirm further the trial court's holding that each plaintiff widow in the *Casey* cases is entitled to receive a fluctuating pension but retroactive only for the period not more than six months prior to the time that a specific claim for such pension was filed by or in behalf of each such party plaintiff. We affirm further the trial court's holding that upon the demise of any party plaintiff in the *Atwell* case, his surviving spouse, if any, to whom he shall have been married for at least one year prior to his demise, will be entitled to receive a fluctuating pension for the reasons stated in the case of *Henry* v. *City of Los Angeles, ante,* p. 299 [20 Cal.Rptr. 440].

The plaintiff widows in the *Bowers* case did not commence their actions to establish pensionable status within three years after their causes of action therefor accrued, to wit, the dates of demise of each of their respective deceased husbands. The *Casey* case widows, whose husbands died more recently, were enabled to take advantage of the knowledge imparted to them by the Supreme Court decision in the *Abbott* case and to file their action within the three-year period, and therefore the defense of the statute of limitations has not been raised against them.

Initially, it is noted that none of the plaintiffs before the court in the *Abbott* case occupied the same position as that of the *Bowers* case widows. The widow plaintiffs in the *Abbott*

case had their pensionable status established shortly after the death of their respective husbands, since their marriages all took place at least one year prior to the retirement of their husbands and therefore they were not affected by the 1925 charter change which required the marriage to have been at least one year before retirement instead of one year before death.

The *Abbott* case widows sought a change in their pension benefits from a fixed to a fluctuating basis and the defendant city urged that their claims were barred by the statute of limitations as applied by the Supreme Court in *Dillon* v. *Board of Pension Comrs.*, 18 Cal.2d 427 [116 P.2d 37, 136 A.L.R. 800], herein termed the *"Dillon* case," and similar decisions.

In the *Dillon* case the plaintiff widow made application for a pension following the death of her policeman husband in April of 1934. For reasons of no import here, the pension board denied the application in February of 1935. In December 1938 the widow filed suit in mandamus. The court ruled that her suit was barred by the statute of limitations since it was commenced more than three years after such death, exclusive of the period of the pension board's deliberations on the claim.

The Supreme Court in the *Abbott* case, *supra,* distinguished the claims of the *Abbott* case widows from that of the *Dillon* case widow and others similarly placed as follows (quoting from p. 464 of the *Abbott* decision):

"Cases relied upon by defendants involve either determinations as to the *plaintiff's status as a pensioner or right to a pension (Dillon* v. *Board of Pension Comrs.* (1941) *supra,* 18 Cal.2d 427, 430 [2]; *Hermanson* v. *Board of Pension Comrs.* (1933) *supra,* 219 Cal. 622; *Carey* v. *Retirement Board* (1955) *supra,* 131 Cal.App.2d 739, 747 [3c] [281 P.2d 25], or the right to occupy a particular position as an employe (*Leahey* v. *Department of Water & Power* (1946) 76 Cal.App.2d 281, 284 [173 P.2d 69]), *and are not controlling or persuasive here."* (Emphasis added.)

The court ruled that the *Abbott* case widows were not barred from asserting their claims by the statute of limitations (quoting from pp. 462-464 of the *Abbott* case):

"As noted in *Dillon* v. *Board of Pension Comrs.* (1941) 18 Cal.2d 427, 430 [2] [116 P.2d 37, 136 A.L.R. 800], 'The right to receive periodic payments under a pension is a con-

tinuing one (see *Dryden* v. *Board of Pension Comrs.* [1936] 6 Cal.2d 575 [59 P.2d 104]), *and any time limitation upon the right to sue for each instalment necessarily commences to run* from the time when that instalment *actually falls due.'* Defendants urge, however, that plaintiffs or the deceased husbands of the widow plaintiffs could have sought declaratory relief with respect to the 1925 and 1927 charter amendments at the times those amendments became effective, or at least at the times the fixed rather than fluctuating pension payments were subsequently commenced, that the three-year statute of limitations applies to such relief, and that therefore both the causes of action for declaratory relief as well as those for money judgments are barred because when these actions were filed more than three years had passed since declaratory relief could have been sought.

"'. . . . . . . . . . . .

"Here, as we have seen, the statutory time limitation upon the right to sue for each pension instalment commences to run from the time when that instalment falls due. It follows that even though plaintiffs might have earlier brought suit for declaratory relief similar to that filed by the active members of the Long Beach Police and Fire Departments in the *Allen* case (*Allen* v. *City of Long Beach* (1955), *supra*, 45 Cal.2d 128), their failure to do so does not operate *to bar their right to declaratory relief with respect to future pension* payments as well as to a monetary judgment for the difference, for three years (insofar as the subject statute is concerned) prior to the filing of these actions, between the amount of the fixed and the fluctuating pensions. (See also *Fry* v. *Board of Education* (1941) 17 Cal.2d 753, 755, 761 [9] [112 P.2d 229], where in mandamus actions recovery of back salary was allowed for the three-year period before actions commenced.)'' (Emphasis added.)

The plaintiff widows in the *Bowers* case not having successfully established status as pensioners within three years from the date their causes of action accrued (the dates of death of their husbands, respectively) are barred from asserting such claims by the statute of limitations. (Code Civ. Proc., §§ 312, 338, subd. 1.)

 In the *Bowers* case the plaintiff Maude Thomas and her deceased husband were not in position to challenge the constitutionality of the 1925 charter amendments because the husband had suffered a break in his period of service with the city and his pension rights were therefore governed by the charter provisions as they existed at the time of his re-

employment by the city, which was subsequent to January 17, 1927. Again, reference is made to the opinion in the *Henry* and companion cases[3] for the reasons for this conclusion.

The judgments are affirmed in part and reversed in part with directions to the trial court to enter judgment in accordance herewith. On the appeals of pensioners, plaintiffs-appellants are awarded costs; on the appeals of defendants no costs are awarded.

Jefferson, J., and Balthis, J., concurred.

Petitions by plaintiffs for a rehearing in Civ. No. 25401 and Civ. No. 25402 were denied March 28, 1962 and petitions by plaintiffs for a hearing by the Supreme Court in Civ. No. 25401 and Civ. No. 25402 were denied May 16, 1962.

[3]*Henry* v. *City of Los Angeles, ante,* p. 299 [20 Cal.Rptr. 440] 2d Civil No. 25188, decided by this court this day.