[Civ. No. 29851.  Second Dist., Div. One.  Aug. 2, 1966.]

THERESA CASEY et al., Plaintiffs and Respondents, v. CITY OF LOS ANGELES et al., Defendants and Appellants.

[Civ. No. 29852.  Second Dist., Div. One.  Aug. 2, 1966.]

EVA LOU BOWERS et al., Plaintiffs and Respondents, v. CITY OF LOS ANGELES et al., Defendants and Appellants.

(Consolidated Cases.)

Roger Arnebergh, City Attorney, Bourke Jones, Weldon L. Weber and John J. Tully, Jr., Assistant City Attorneys, for Defendants and Appellants.

Stanley T. Tomlinson, City Attorney (Santa Barbara), J. F. Goux and Kenneth R. Nuss as Amici Curiae on behalf of Defendants and Appellants.

Kenneth Sperry and John L. Kaesman for Plaintiffs and Respondents.

WOOD, P. J.—In these two consolidated actions the plaintiffs, who are widows of policemen or firemen, seek a declaration with respect to pension benefits under the provisions of the charter of respondent City of Los Angeles. On a prior appeal (*Atwell* v. *City of Los Angeles,* 201 Cal.App.2d 336 [20 Cal.Rptr. 462]—involving three actions, including the present two, *Casey* and *Bowers*), the judgments in the actions were affirmed in part and reversed in part with directions to the trial court to enter judgments in accordance with the opinion on appeal. Upon the retrial of the actions a question arose as to whether the court should receive evidence on the issue of estoppel—the issue that defendants were estopped to assert affirmative defenses to the effect that the claims were barred by the statute of limitations and by provisions of the charter regarding the time within which to file claims. The trial court determined that "the law of the case" did not preclude the receiving of evidence on that issue. After receiving the evidence, the court found that defendants were estopped to assert said alleged defenses. Defendants appeal from the judgments.

Appellants (city and commissioners) contend that "the law of the case" precluded the receiving of evidence on such issue of estoppel; and that the evidence received is insufficient to support the findings that defendants are estopped to assert said alleged defenses.

The plaintiffs are widows of firemen and policemen who had been pensioners under the charter provisions. In these actions, each plaintiff seeks a declaration that she is entitled to a fluctuating pension retroactive to the date of her husband's death. The *Bowers* action was commenced more than three years after the death of the husband of each plaintiff in that action. The *Casey* action was commenced within three years after the death of the husband of each plaintiff in that action. In both actions, each plaintiff had filed a claim with the city more than six months after her husband's death. (Three of them also filed claims "shortly" after the deaths.)

The prior appeal (*Atwell* v. *City of Los Angeles, supra,* 201 Cal.App.2d 336 [20 Cal.Rptr. 462]) was from judgments which were in favor of the plaintiffs in three consolidated

actions (*Atwell*,[1] *Casey*, and *Bowers*). Those judgments were based, in substance, on determinations by the trial court, as follows: that a 1925 charter amendment was invalid insofar as it operated to deprive plaintiffs of their rights to fluctuating pensions; that the causes of action in *Casey* and *Bowers* were not barred by the provisions of sections 363 or 376 of the city charter, and the defendants were estopped to assert that the causes of action were barred by either of said charter sections; and that the causes of action in *Bowers* were not barred by the provisions of sections 312 or 338, subdivision 1, of the Code of Civil Procedure, and the defendants were estopped to assert that the causes of action are barred by either of said code sections.

On that appeal, it was stated (p. 338) that the principal issue involved in the three actions was whether the 1925 charter amendment, regarding fluctuating pensions, was invalid as applied to the rights of a widow of a fireman or policeman who was appointed to his position prior to 1925. The court resolved that issue (pp. 339-340) by holding that the said charter amendment was invalid for the reasons set forth in a companion case (*Henry* v. *City of Los Angeles*, 201 Cal.App.2d 299 [20 Cal.Rptr. 440]—involving five actions). It was also stated on the prior appeal in the *Atwell* case (p. 340) that the defendants (city and commissioners) contended on appeal that the evidence was insufficient to estop defendants from asserting that the said charter provisions and code sections were a bar to plaintiffs' pension claims. The opinion therein includes statements (p. 340) to the effect that the claims provisions of the charter would operate so as to limit recovery of accrued pension payments, for each widow in the *Casey* case, retroactive only for a period not more than six months prior to the time when she filed her claim with the city; and the opinion includes statements (pp. 340-342) to the effect that the limitation provisions of the code would bar the plaintiffs in the *Bowers* case from asserting their claims, because their action to establish their pension status was not commenced within three years from the death of their husbands; but the opinion makes no further express reference to the estoppel contention. (As previously stated, [1] the trial court (at the first trial) had found that defendants were estopped to assert that the claims were barred by provisions of the

---

[1]In the *Atwell* action, the plaintiffs were firemen and policemen who sought a declaration of the future pension rights of a wife in the event of her husband's death. The *Atwell* action is not included in the present appeal.

charter and the statute of limitations; and [2] the opinion on the prior appeal states that defendants contend on the appeal that the evidence was insufficient to support that finding.) The opinion on the prior appeal does refer to the *Henry* case (a companion case) in which it was held that the existence of such an estoppel is a question of fact (201 Cal.App.2d 299, 306) and that such estoppel is not applicable to the five cases in the *Henry* case (201 Cal.App.2d, at p. 308). The *Henry* opinion also states the elements necessary to establish such an estoppel (pp. 306-312), and states the necessity of showing intentional conduct by the party to be estopped (as distinguished from showing only incorrect advice).

The opinion on the prior appeal (*Atwell* case) concludes with the following paragraph: "The judgments are affirmed in part and reversed in part with directions to the trial court to enter judgment in accordance herewith. . . ."

On the retrial, there was a pretrial conference at which a lengthy joint statement and lengthy separate statements were filed by the parties. The statements included detailed discussions of the *Atwell* and *Henry* cases and recited, in substance, that the issues remaining in dispute were: (1) whether the "law of the case" in the *Atwell* opinion (as indicated by reference to the *Henry* opinion) precluded the presentation of evidence on the issue of estoppel by defendants to assert the charter provisions (§ 363 and § 376) and the code provisions (Code Civ. Proc., § 312 and § 338, subd. 1) as affirmative defenses barring the claims, and (2) whether subsequent "intervening law"[2] relating to such estoppel precluded application of the law of the case (in *Atwell* and *Henry*) so as to prevent the presentation of evidence of estoppel.

When the case was called for trial the parties presented lengthy oral arguments with reference to the operation of the law of the case and the effect of intervening law thereon. At the conclusion of such argument, the judge stated in effect that since the *Atwell* opinion did not include any reference or direction relating to the issue of estoppel, and that since intervening law affected the statement of the law of estoppel as set forth in the *Henry* opinion, the court would permit plaintiffs to present evidence on that issue.

▪ Appellants contend that "the law of the case" precluded the trial court from receiving evidence on the issue of estoppel to assert the alleged defenses. They argue that the

<hr/>

[2]Apparently referring to such cases as: *Lerner* v. *Los Angeles City Board of Education,* 59 Cal.2d 382 [29 Cal.Rptr. 657, 380 P.2d 97]; and *Phillis* v. *City of Santa Barbara,* 229 Cal.App.2d 45 [40 Cal.Rptr. 27].

*Atwell* case, when interpreted in light of the *Henry* case, required the trial court to enter judgment without receiving evidence of estoppel, and that intervening law did not preclude the operation of the law of estoppel as set forth in the *Henry* case.

As above indicated, the principal issue discussed in the *Atwell* opinion on the former appeal related to the validity of the 1925 charter amendment. Although the opinion states the defendants' contention with reference to the asserted insufficiency of the evidence to support the trial court's finding of estoppel, there is no reference therein to the evidence on that issue. As above stated, there are references in the *Atwell* opinion to the *Henry* (companion) case wherein the court held that estoppel was not applicable to the five actions in the *Henry* case; and it was also stated in the *Henry* case that the existence of an estoppel was a question of fact. Since there was no specific reference in *Atwell* or *Henry* with respect to the sufficiency of the evidence to support the finding that defendants (in *Atwell*) were estopped to assert the defenses based upon the claims and limitation periods, the general directions to the trial court in the concluding paragraph of the *Atwell* opinion do not appear to preclude the trial court from receiving evidence on the estoppel issue. Furthermore, it appears that intervening law did affect the law of estoppel as set forth in the *Henry* opinion. Thus, in *Lerner* v. *Los Angeles City Board of Education,* 59 Cal.2d 382 [29 Cal.Rptr. 657, 380 P.2d 97], decided after *Atwell* and *Henry,* it is said (p. 397): "That an estoppel may bar an administrative board from raising the statute of limitations follows from our ruling in *Tyra* v. *Board of Police etc. Comrs.* (1948) 32 Cal.2d 666 [197 P.2d 710]. In that case the Long Beach Board of Police and Fire Commissioners incorrectly advised plaintiff, an injured fireman, that he could not obtain a pension so long as he received workmen's compensation benefits. After the limitation period had run, the plaintiff sought mandate to compel payment of the pension. The court stated that: "The delay charged to the plaintiff was induced by the erroneous position and advice of the defendants and their attorneys. They may not therefore now properly interpose the defense as a bar to the plaintiff's delayed course of action.' " In *Phillis* v. *City of Santa Barbara,* 229 Cal.App.2d 45 [40 Cal.Rptr. 27], decided after *Atwell* and *Henry,* it was held (pp. 58-59, citing the *Lerner* case) that an estoppel against defendant city (to assert limitation defenses) could arise from conduct whereby defendants had

unintentionally given (as in the present case, see *infra*) erroneous advice to plaintiffs with reference to plaintiffs' claims against the city. Under the circumstances herein, the "law of the case" did not preclude the trial court from receiving evidence on the issue of estoppel to assert the alleged defenses.

Appellants further contend that the evidence received is insufficient to support the findings that defendants are estopped to assert the alleged defenses.

There was evidence to the effect that, from 1925 until the decision in the *Atwell* case, it was the practice of representatives of the appellants city and commissioners to keep an information file regarding each fireman and policeman, including marital information; that upon the death of a fireman or policeman, such representatives would notify the widow to come to the city offices with reference to her pension rights; if the marital information showed that the widow had married the deceased less than one year prior to the deceased's retirement (even though the marriage may have occurred more than one year prior to the deceased's death), then the representatives would advise the widow that she was not eligible to receive a pension; the widows in the present case received such advice, and they did not file applications for pensions until they were advised by private counsel (except that three of them filed applications before and after receiving advice from private counsel); and none of them commenced an action until advised by private counsel. There was also evidence to the effect that an assistant city attorney had an office in the building in which said representatives would interview the widows; some of the applications would be referred to the city attorney; and (prior to the *Atwell* case) the city attorney had always advised the representatives and the members of the board that, by reason of the 1925 charter amendment, a widow of the class herein was not entitled to a pension upon her husband's death if she had married him less than one year prior to his retirement, even though she may have married him more than one year prior to his death. As previously stated, the principal holding in the *Atwell* case was that the 1925 charter amendment was invalid to the extent that it operated to deny pension rights to a widow (of the applicant-class herein) who had married a pensioner less than one year prior to his retirement, but more than one year prior to his death.

There was sufficient evidence to support the findings that defendants by their conduct were estopped to rely upon the alleged defenses based upon said provisions of the charter and

code. (See *Lerner* v. *Los Angeles City Board of Education, supra*; *Phillis* v. *City of Santa Barbara, supra*; and *Tyra* v. *Board of Police etc. Comrs., supra.*)

The judgments are affirmed.

Fourt, J., and Lillie, J., concurred.

A petition for a rehearing was denied September 1, 1966, and the opinion was modified to read as printed above. An order filed herein on September 28, 1966, purporting to grant a hearing in the Supreme Court was vacated and appellants' petition for a hearing was denied by operation of law. (See *Giometti* v. *Etienne,* 219 Cal. 687 [28 P.2d 913].)