[Civ. No. 31560.   Second Dist., Div. Four.   Aug. 7, 1968.]

J. D. PHILLIS et al., Plaintiffs and Appellants, v. CITY OF SANTA BARBARA et al., Defendants and Appellants.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

Kenneth Sperry for Plaintiffs and Appellants.

Stanley T. Tomlinson, City Attorney, J. F. Goux and Kenneth R. Nuss for Defendants and Appellants.

FILES, P. J.—This is an action commenced in 1962 by J. D. Phillis, a former fireman of the City of Santa Barbara, and Justin J. O'Brien, a former policeman of that city, to recover retirement benefits. In a separate cause of action O'Brien seeks a return of the money deducted from his salary for the pension fund. The defendants will be referred to collectively as the city.

After the trial court sustained a demurrer and dismissed the action, the plaintiffs appealed to the Court of Appeal, which reversed. (*Phillis* v. *City of Santa Barbara* (1964) 229 Cal.App.2d 45 [40 Cal.Rptr. 27].) That decision held that the complaint stated a cause of action to establish pensionable status and to recover accrued benefits, but that the fourth cause of action, for the recovery of O'Brien's salary deductions, was barred by limitations.

Upon remand the case was tried by the court sitting without a jury. The trial court decided that plaintiffs were entitled to receive pensions; that each was entitled to recover installments which had accrued within the three-year period of limitations prescribed in Code of Civil Procedure section 338, subdivision 1; that neither was entitled to recover installments which had accrued earlier; and that O'Brien's claim for money deducted from his salary was entirely barred by limitations. Both sides have appealed from the judgment. Plaintiffs urge that the city is estopped to assert the statute of limitations at all. The city contends that plaintiffs' right to pensions is barred in its entirety.

In 1927 the city adopted a charter which provided a pension system for firemen and policemen. (Stats. 1927, pp. 2064, 2088.) Retirement benefits were payable to a person who had served 20 years or more, without regard to age. In 1937 a new charter pension system was adopted, under which a member was not eligible to retire until he had attained the age of 55 years and had served at least 25 years. (Stats. 1937, pp. 3000, 3003.)

Phillis became a fireman in 1918 and served continuously until May 1, 1947, when he resigned. Before resigning he talked to the chief of the fire department about retiring and was told by the chief that he could not retire because he was only 53 years of age. Phillis also spoke to the city attorney, who made a similar statement to him.

O'Brien became a policeman in 1929, and was dismissed from the department effective April 16, 1953. At about the time of the adoption of the 1937 charter amendment O'Brien had a conversation with the city attorney, who told him that he had no vested rights under the 1927 charter provisions. In 1953. at the time of his dismissal, O'Brien's then attorney engaged in numerous discussions with the mayor and city attorney and other city officials, in which those officials stated that O'Brien would not be eligible for a pension until he had served an aggregate period of 25 years. These statements were communicated to O'Brien by his attorney.

In summary, it appears that under the 1927 charter both plaintiffs had become eligible to retire with pensions on the dates their services terminated, unless the 1937 amendment operated to deprive them of those benefits. It is also apparent that there was a delay of approximately 15 years in the case of Phillis, and approximately 9 years in the case of O'Brien, in the enforcement of these rights.

The prior appeal, *Phillis* v. *City of Santa Barbara,* 229 Cal.App.2d 45, 62 [40 Cal.Rptr. 27], decided that plaintiffs had vested rights in the pension benefits provided under the 1927 charter, and that the additional age and service limitations imposed by the 1937 charter were, as to plaintiffs, invalid. That opinion also held that the facts alleged in the complaint were sufficient to estop the city from relying upon the statute of limitations. Inasmuch as the facts found by the trial court do not go as far as the allegations of the complaint on this subject, the prior decision on appeal is not determinative of the estoppel issue now.

The trial court found that the defendants did not intend to mislead plaintiffs or to gain any undue advantage over them, that defendants acted in good faith, and that under the circumstances their belief, as stated by them, was reasonable. The trial court found to be untrue plaintiffs' allegations that the city officials had represented that they were fully informed on the subject, that they possessed a superior knowledge of the law, and that a confidential relationship existed between plaintiffs and those who spoke for the city.

Subsequent to the trial of this action the law upon this subject was reviewed and explained by the Supreme Court in *Driscoll* v. *City of Los Angeles* (1967) 67 Cal.2d 297 [61 Cal.Rptr. 661, 431 P.2d 245]. Since the principles set forth in *Driscoll* are determinative of this case, it is only necessary here to outline the rules which apply.

Although a pension is an obligation payable in periodic installments, the Supreme Court has determined that the claimant has a separate cause of action to establish pensionable status; and unless such status is established within the applicable period of limitations all pension rights are barred, including installments falling due in the future. (*Dillon* v. *Board of Pension Comrs.* (1941) 18 Cal.2d 427, 430 [116 P.2d 37, 136 A.L.R. 800] ; *Driscoll* v. *City of Los Angeles, supra,* 67 Cal.2d at p. 304.)

Where representatives of the city have given information or advice which induces the claimant not to press his claim, the city may be estopped to assert the bar of the statute of limitations; but conduct which estops the city with respect to the establishment of pensionable status does not necessarily estop the city from asserting a bar to retroactive benefits. The right to pensionable status is said to be a right "of great magnitude," whereas the right to recover past due installments is "of lesser magnitude." Thus, in *Driscoll* (67

Cal.2d at pp. 304-311) it was held that the simple act of giving advice in good faith that the claimant was not eligible, relied upon by the claimant, was sufficient to support an estoppel upon the issue of pensionable status. But that kind of advice, based upon an honest and reasonable interpretation of the existing charter provisions, was held not to estop the city from relying upon the claims provision of its charter to bar retroactive accruals. ██ Those rules support the decision of the trial court that upon the facts of this case the city was estopped with respect to the establishment of pensionable status, but not estopped with respect to the retroactive accruals.

In *Driscoll,* the defendant City of Los Angeles relied upon its six months' claims statute to bar past installments. The Santa Barbara charter has no such claims procedure. Hence the only bar available to defendants here is the applicable statute of limitations. This difference between the two cases does not affect the application of the rules of estoppel. The important distinction, as pointed out in *Driscoll,* is between rights "of great magnitude" and rights "of lesser magnitude," *i.e.,* between pensionable status and past due installments. Santa Barbara is entitled to the benefit of the statute of limitations to bar accrued installments, just as Los Angeles is entitled to invoke its six months' claims statute for that purpose.

The fact that plaintiff O'Brien was represented by counsel at the time of his dismissal in 1953 does not preclude, as a matter of law, an estoppel against the city. In *Lerner* v. *Los Angeles City Board of Education* (1963) 59 Cal.2d 382 [29 Cal.Rptr. 657, 380 P.2d 97] the plaintiff delayed bringing an action to recover his position as a teacher, relying upon misinformation received from a state official. Immediately afterwards he consulted an attorney who also consulted public officials, and then, upon the basis of statements made by those officials and his own research, the attorney advised plaintiff that there was no remedy available. The Supreme Court held that neither the statute of limitations nor laches ran against the plaintiff. The *Lerner* case is one of those relied upon in *Driscoll, supra,* for its application of estoppel where a right "of great magnitude" is at stake.

██ O'Brien's claim for recovery of the money deducted from his salary, pursuant to the 1937 charter amendment, presents another problem. On the former appeal the appellate court held that the fourth cause of action of O'Brien's second

amended complaint, wherein this cause of action was pleaded, was on its face barred by the statute of limitations. Plaintiff never amended his complaint after that. This circumstance would ordinarily foreclose any further consideration of the fourth cause of action. However, O'Brien contends that the pretrial order served to revive that cause of action.

Plaintiffs included in their pretrial statement some allegations which did not appear in the complaint, for the purpose of ''controverting the validity'' of the defense of limitations to the fourth cause of action. These new allegations were: (1) that after his suspension from duty O'Brien commenced an action in the superior court to secure a review of that suspension, which action was still pending; and (2) that he had been informed by defendants that the only way he could protect his pension rights was to prove the invalidity of his suspension, and that he should leave his money in the pension fund.

Plaintiffs' pretrial statement lists as one of the issues to be tried ''Whether or not each and every one of the causes of action First through Fourth as pleaded by plaintiffs in their second amended complaint are barred by subsection (1) of Section 338 of the California Code of Civil Procedure. . . .''

Defendants' pretrial statement asserts, under the heading of ''Factual and legal contentions to be made as to issues remaining in dispute,'' this: ''Defendants contend that each of the causes of action alleged by each of the plaintiffs is barred by subdivision 1 of Section 338 of the California Code of Civil Procedure in that each of said causes of action involves the status of either or both of the plaintiffs as a pensioner or the status or right to receive a refund of deductions made from salary.''

The pretrial conference order declares that ''issues to be tried are as set forth in both of said separate statements.''

Rule 216, California Rules of Court, provides that ''When filed, the pretrial conference order . . . where inconsistent with the pleadings, controls the subsequent course of the case. . . .'' It was of course expected that the pretrial conference order would narrow the issues to be tried. Here the pretrial procedure has been used for the opposite purpose. The parties injected a new unpleaded issue, upon which the trial court received evidence and made findings.

The fourth cause of action contains the allegation that commencing on May 17, 1937, and thereafter during O'Brien's period of active service, the city deducted from his salary the

amounts which were required as his contributions to the retirement fund, under the 1937 charter amendment (Stats. 1937, pp. 3000, 3003). It is alleged that the deductions were made "as the result of a mistake." On the first appeal the appellate court held that this claim was barred by the statute of limitations, and further, that there were no factual allegations in the complaint to support an action to recover money taken through fraud or mistake. (229 Cal.App.2d at p. 68.)

O'Brien's theory of liability now appears to be that the 1937 charter amendment was unconstitutional insofar as it authorized any deduction from his salary. If his theory is valid, then each time he received a pay check from which a deduction had been made, he had a cause of action for the unpaid balance of his salary. The statute of limitations would run separately with respect to each salary deduction. (See *Adler* v. *City of Pasadena*, 57 Cal.2d 609, 620 [21 Cal.Rptr. 579, 371 P.2d 315].)

The mandamus proceeding, which plaintiff relies upon to suspend the statute of limitations, was brought to contest his discharge as a member of the police force. That proceeding remained pending until June 7, 1965, when it was dismissed by the court on its own motion under Code of Civil Procedure section 583 because of the plaintiff's failure to bring it to trial. That proceeding had nothing whatever to do with O'Brien's cause of action for salary which was earned and not paid between 1937 and 1953. O'Brien's claim for his unpaid salary did not depend upon the claimed invalidity of his dismissal from the police department. The present action to recover the unpaid salary cannot be classified as a continuation of the mandamus proceeding.

The trial court did not find that defendants had given the advice alleged in the plaintiff's pretrial contentions. The court found that the city attorney did advise O'Brien's attorney that in order for O'Brien to qualify for a pension based upon 25 years' service, it would not be possible for him to withdraw his money from the retirement fund. This was perfectly proper advice under the provisions of the 1937 charter. The only thing wrong with it was that the city attorney failed to realize then that O'Brien was already entitled to retirement status under the 1927 charter. But this good faith mistake on the part of the city attorney does not estop the city from asserting the statute of limitations with respect to salary deductions, for the very same reasons which preclude estoppel as to accrued retirement allowances.

The earlier appellate decision in this case (229 Cal.App.2d at p. 68) suggests that O'Brien might have been seeking a return of his pension contributions under the provision of the 1937 charter, which allows such a refund to a member "leaving" the police department after five years' service (Stats. 1937, pp. 3000, 3004). On the present appeal plaintiff makes no such contention, and it is apparent now that he could not. By virtue of the judgment in this case O'Brien has attained the status of a retired member who will hereafter receive a pension. He is therefore not a member "leaving" and withdrawing his contributions. O'Brien's only basis for recovering his contributions is that the deductions should never have been made; and this claim is long barred by the passage of time.

The judgment is affirmed. Neither party shall recover costs.

Jefferson, J., and Kingsley, J., concurred.